Regis O’Brien, J.
This is a proceeding by petitioner for an order to determine and enforce an attorney’s lien for services, under section 475 of the Judiciary Law. The motion was returnable at Erie County Special Term on October 20,1960.
On October 15, 1960, after petitioner’s notice of motion was served, the respondent sent by mail to the Special Term Clerk a “ Notice of Special Appearance ”. It states that the respondent appears solely “ to object to the Court’s jurisdiction ”, the basis for such act being the claim that the petitioner “ did not commence any action, special, or other proceeding, in any court or before any state, municipal or federal department or serve any answer containing any counterclaim on which it could secure any charging lien or involving any appearance by defendant in the State of New York which could be made the basis of any proceeding under New York State Judiciary Law, Section 475”.
The argument of the petitioner’s motion was adjourned to October 25 as the respondent, in the meantime, had made a motion returnable on that date, pursuant to section 237-a of the Civil Practice Act, to set aside the service of the petitioner’s motion papers.
On October 25, the petitioner appeared by counsel and argued the motions and the respondent submitted the matter on its motion papers and brief.
Under subdivision 1 of section 237-a of the Civil Practice Act, a defendant may make a special appearance solely to object to the court’s jurisdiction over his person.
Subdivision 2 of said section provides that he does not waive his objection to the court’s jurisdiction over his person “ by joining therewith a motion objecting to the court’s jurisdiction over the subject matter.” The motion as to the court’s jurisdiction over the person of the defendant, however, must be *548 denied before the motion directed to the jurisdiction of the subject matter is litigated (subd. 4).
The respondent by its papers has argued both motions together and, therefore, in effect, has appeared generally.
In the case of Braman v. Braman (236 App. Div. 164, 167) the court said: “It is well settled that a defendant who intends to appear specially in an action must rely solely upon his jurisdictional objection and cannot protest against the court’s jurisdiction and at the same time defend the action on the merits as such positions are inconsistent and when a defendant adopts both at the same time he is deemed to have waived his jurisdictional objection.” In Citizens Trust Co. v. Prescott & Sons (221 App. Div. 426, 431) the court said: “ and one who appears and participates in the proceeding, notwithstanding he states his appearance is only special, if it be for any purpose other than assailing the jurisdiction of the court, is deemed to have appeared generally. (Matter of Macaulay, 27 Hun, 577; Matter of Atterbury, 222 N. Y. 355, 362.) ”
In the case of United Cigar Stores Co. (9 F. Supp. 149, 150 [1934]) the court held that “it has been settled since In Re Baxter & Co. (C. C. A. 2) 154 F. 22, that attorneys who file and prosecute in behalf of creditors a proof of claim in bankruptcy proceedings in a District Court sitting in the state of New York have a lien by virtue of section 475 of the New York Judiciary Law ”.
In the case of Matter of McCrory Stores Corp. (19 F. Supp. 691, 693) the District Court Judge stated that “ In bankruptcy the filing of a proof of claim is ‘ the commencement of an action or special proceeding, ’ from which time the lien attaches ’ ’, and again, ‘ ‘ the ‘ commencement ’ of the action or proceeding referred to in the New York statute providing for an attorney’s lien is the filing of the proof of claim ” (p. 694).
Regarding the contentions of the parties as to the applicability of the provisions of section 475 of the Judiciary Law, the respondent takes the position that the petitioner has no lien because no “ action, special, or other proceeding ” was ever commenced. In considering this issue, the court feels obligated to keep in mind that the decisions have held consistently that the statute is ‘ ‘ remedial in character and should be construed liberally” in aid of the objective of the Legislature, which is to furnish security to attorneys by giving them a lien upon the subject of the action (Morgan v. Drewry, 285 App. Div. 1, 4 and cases cited).
The attorney’s lien “has its roots in considerations of equity ’ ’ and the statute regulating it calls for a liberal con *549 struction (Matter of Herlihy, 274 App. Div. 342, 346; Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 499).
Attached to the petition is a document made a part thereof and marked Schedule “A”. It is entitled as follows:
UNITED STATES DISTRICT COURT: WESTERN DISTRICT OF NEW YORK
In the Matter of FORD SEWING MACHINE COMPANY, INC. Stipulation
Bankruptcy No. 44905
While the first sentence of Schedule “A” recites that “it is hereby stipulated and agreed, etc.,” a reading of the entire document reveals that it is an “ order” or “determination” of the Referee in Bankruptcy, which he made, after hearing the testimony of the then president of the Commonwealth Financial Corporation given on May 18, 1960 and the “agreement” or “ stipulation” as to certain facts made under date of August, 1960 by the attorney for the trustee, and the law firm of Raichle, Moore, Banning & Weiss through one of its members, to wit, Ralph L. Halpern, as attorneys for Commonwealth Financial Corporation.
Obviously, the Referee in Bankruptcy adopted the stipulation and agreement containing the foregoing recitals as an order of the Bankruptcy Court by affixing the words 1‘ so ordered ’ ’ and his signature thereto.
The testimony which the Referee in Bankruptcy heard on May 18, 1960 was on the claim of Commonwealth Financial Corporation in respect to the bankruptcy proceedings of Ford Sewing Machine Company, Inc., then pending in the United States District Court for the Western District of New York.
As a result of the Bankruptcy Court’s determination or order as aforesaid, the petitioner was successful in establishing the rights of the respondent in respect .to certain accounts receivable and installment contracts in a sum exceeding a total of $700,000 which had been assigned previously by the bankrupt to the respondent as security and collateral for certain loans which had been made by the respondent to the bankrupt in an amount exceeding $400,000.
It was due to the efforts and services of the petitioner that the order dated August 29, 1960 of the Bankruptcy Court was secured.
*550 The amount and extent of the services rendered are set forth and itemized in the petition.
As a result of the legal services and efforts of the petitioner, the funds which the receiver in bankruptcy, who had been appointed February 19, 1960, had impounded were ultimately transmitted by the trustee in bankruptcy to the respondent after the determination by the Eeferee in Bankruptcy of the validity of the assignments of the installment contracts and accounts receivable which had been in dispute. In addition, any claim upon remittances directed to the bankrupt at respondent’s address in Philadelphia was released. The sum of about $200,-000 has been received by the respondent in its office at Philadelphia and it is expected that about $250,000 more will be received in the future.
According to the recital in item numbered 3 of the order of August 25, 1960, it was agreed that the sum of $391,267.26, plus interest and costs, was due and owing by the bankrupt to the respondent as of May 31, I960; and that the respondent held as security therefor installment contracts and accounts receivable in the principal sum outstanding at the close of business on May 31, 1960 of $558,550.55.
While other and additional benefits were secured by the petitioner for the respondent, it seems unnecessary for the purposes of this memorandum to recite them. Suffice it to say that the reasonable value claimed for said legal services and disbursements in connection therewith by the petitioner, and allowed herein, is the sum of $15,000 for services and $27.40 for disbursements, or a total of $15,027.40 which has been demanded and no part of which has been paid to the petitioner. The amount claimed is undisputed.
The petitioner has in its possession certain funds turned over to it as attorneys for the respondent, viz., $13,204.33 on September 19, 1960; $124.30 on September 16, 1960 and $1,379.79 on September 27, 1960, in all amounting to $14,708.42. The amount of $4,748.35 made to petitioner on August 29, 1960, pursuant to the order of that date, was sent to the respondent.
In view of all of the foregoing, the court finds that:
1. The motion of the respondent Commonwealth Financial Corporation for an order to set aside the service of the petitioner’s notice of motion, petition and affidavit in support thereof is denied.
2. The relief requested by the petitioner in its notice of motion, to wit: (a) for an order determining the amount of its lien under section 475 of the Judiciary Law, and (b) for an order enforcing the lien, is granted.
*551 The amount of the said lien is hereby fixed at the sum of $15,000 for legal services and $27.40 for disbursements in connection therewith, or a total of $15,027.40.
The lien for said sum may be enforced against the funds now in possession of the petitioner amounting to a total of $14,708.42.
Submit order or orders accordingly.