■ In the Matter of RAICHLE, MOORE, BANNING & WEISS, Respondent, v. COMMONWEALTH FINANCIAL CORPORATION, Appellant.—

Memorandum: In this proceeding to determine and enforce an

attorneys' lien defendant-appellant did not answer the petition but served a notice of appearance, alleging therein that it appeared specially to object to the court's jurisdiction, and moved to set aside service of the petition upon it. On October 25, 1960, its motion was submitted to Special Term without oral argument. Petitioners appeared in opposition to the motion and also to argue petitioners' motion for an order determining and enforcing their lien, which had been adjourned to the same day. Special Term entertained both motions and on November 28, 1960 rendered an opinion denying appellant's motion and granting petitioners' motion. On the following day separate orders were signed by the court, one of which recited that defendant's appearance and the affidavit of its attorney constituted a general appearance and ordered that defendant's motion be denied. The other order signed the same day was the final order in the proceeding. It ordered that petitioners' services and disbursements be fixed at $15,027.40 and further ordered that petitioners' lien be fixed at $14,708.42. A party who has appeared generally but has defaulted in pleading does not thereby admit an allegation of damages which is a mere legal conclusion and upon an assessment of damages, a defendant who has served a notice of appearance is entitled to notice of the assessment. (*McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347, 351.) The only notice served on defendant was the notice of motion served upon it with the petition before it appeared in the proceeding. In our opinion such notice did not satisfy the requirements of the notice required to be given of the time and place of the assessment of damages. (Civ. Prac. Act, § 238; Rules Civ. Prac., rule 190.) Defendant moved promptly on December 6, 1960 for an order vacating said final order. Its attorney alleged that it did not serve an answer because it assumed that the petition was stayed pending decision of its motion to set aside service of the petition upon it under section 237-a of the Civil Practice Act. The proposed answer and affidavits submitted on the motion showed that defendant may have had a meritorious defense to the petition. The order appeal from denied appellant's motion to vacate the final order. Appellant has been deprived of an opportunity to litigate the amount of petitioners' fees for legal services upon the merits. It is the general policy of the courts to permit actions to be determined by a trial on the merits wherever possible and for that purpose a liberal policy is adopted with respect to opening default judgments in furtherance of justice to the end that the parties may have their day in court to litigate the issues. (7 Carmody-Wait, New York Practice, § 154, p. 409.) In our opinion, appellant's default was not willful but was due to a misunderstanding and the denial of the motion to open the default was an improvident exercise of discretion. (Appeal from order of Erie Special Term denying defendant's motion to vacate a final order which determined an attorneys' lien pursuant to section 475 of the Judiciary Law.) Present — Williams, P. J., Goldman, McClusky and Henry, JJ. [25 Misc 2d 546.]