■ MARIE VON DIEZELSKI et al., Appellants, v. FOOD FAIR STORES, INC., Respondent.— In a negligence action to recover damages for personal injury, medical expenses and loss of services resulting from the female plaintiff's fall in defendant's store caused by an accumulation of ice and water on the floor near a watermelon display case, plaintiffs appeal from an order of the Supreme Court, Queens County, dated May 21, 1962, which denied their motion (a) to vacate a dismissal of the action in December, 1957, pursuant to the provisions of subdivision (e) of rule II of the Queens County Supreme Court Rules, and of subdivision 2 of rule 302 of the Rules of Civil Practice; and (b) to restore the action to the Nonjury Trial Calendar of the court. Order affirmed, with $10 costs and disbursements. A case marked "off" the calendar which is not restored within one year thereafter is deemed abandoned and is automatically dismissed for failure to prosecute (Queens County Supreme Court Rules, rule II, subd. [e]; Rules Civ. Prac., rule 302, subd. 2; *Balaka* v. *Stork Restaurant*, 3 A D 2d 857; *Roe* v. *Kurkhill*, 6 A D 2d 716; *Colombik* v. *Heinrich*, 11 A D 2d 1026). A dismissal under the above rules may be vacated and the case may be restored upon a showing of facts sufficient to excuse the delay, as well as a showing of merits (*Colombik* v. *Heinrich, supra*; *Klein* v. *Vernon Lbr. Corp.*, 269 App. Div. 71). In our opinion, the excuse offered in this case for the delay, which extended over a period of five years, was insufficient to warrant the relief sought (*Siegel* v. *City of New York*, 16 A D 2d 679; *Topp* v. *Casco Prods. Corp.*, 8 A D 2d 727; *O'Rourke* v. *City of New York*, 3 A D 2d 713). The contention that subdivision (e) of rule II of the Queens County Supreme Court Rules and rule 302 of the Rules of Civil Practice are unconstitutional, in that an automatic dismissal constitutes a denial of due process, was not raised in the court below; hence, it may not be raised for the first time on appeal (*Romeo* v. *City of Yonkers*, 126 App. Div. 402, affd. 196 N. Y. 546). In any event, since opportunity is afforded to vacate the dismissal and to restore the action to the calendar upon a showing of a sufficient excuse for the delay and upon a showing of merit (*Colombik* v. *Heinrich, supra*); and since a court always has the inherent power to control its own calendar, the dismissal may not be deemed to be a denial of due process. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.