■ ENCARNACION BERMUDEZ, Appellant, v. CITY OF NEW YORK, Respondent.— Order entered June 10, 1964, granting defendant's motion to compel plaintiff to accept an answer, unanimously affirmed, without costs. Plaintiff sued for damages for personal injuries alleged to have been suffered as a result of a fall on a public sidewalk. Although the answer to the complaint was due on April 28, 1964, the Corporation Counsel did not serve the answer until May 8, 1964 — ten days late. Plaintiff's counsel returned the proffered answer with a notice of rejection. Upon the motion to compel acceptance of the answer — which in effect was an application to open a default — the Corporation Counsel urged that due to the great volume of pleadings which were being processed in his office, there was an inadvertent failure to seek an extension of time to answer. Such an extension of time could have been, and unquestionably would have been granted by the court, even if refused by plaintiff, if application had been made before the expiration of the time to answer. (CPLR 2004.) The extraordinary aspect of this case and appeal is that the time of our courts should have been expended in a matter that properly should have been disposed of by the exercise of simple courtesy between attor-

neys. It must have been apparent to plaintiff's attorneys, in view of the nature of the case, that the City of New York was not deliberately defaulting in the suit. Since there could have been no reason to doubt the assertion of the Corporation Counsel's office, that the failure to serve the answer in time was inadvertent and not prompted by bad faith, plaintiff's attorneys should not have compelled the Corporation Counsel to move to open the default, and certainly should not have prosecuted an appeal from the order relieving defendants from the default. The unnecessary burden placed on the courts and counsel by the motion and appeal would have warranted the imposition of maximum costs against appellant. However, since defendant was in default, the application to open the default should not have been treated in the cavalier fashion demonstrated by the moving papers. Failure to make a more appropriate showing of a sufficient excuse and a meritorious defense impels us to deny costs on this appeal. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.