■    JOSEPH HAWCO, Appellant, v HARRY ROTHMAN, Respondent.—In an action, *inter alia,* to recover damages for legal malpractice, plaintiff appeals from an order of the Supreme Court, Kings County, dated June 11, 1976 which (1) denied his motion for an inquest and assessment of damages and (2) granted the defendant's cross motion for leave to file and serve a late answer. Order affirmed, without costs or disbursements. Under the circumstances presented by this case, we find that Special Term's opening of the defendant-respondent's default, and its denial of the plaintiff-appellant's motion for an inquest and assessment of damages, constituted a proper exercise of its discretion; its determination should not be disturbed (see CPLR 2004; *Fusco v Malcolm,* 50 AD2d 685; *Bermudez v City of New York,* 22 AD2d 865). Cohalan, J. P., Damiani, Hawkins and Mollen, JJ., concur.

■    GEORGIOS D. MARTINOS et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF SMITHTOWN, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Zoning Board of Appeals of the Town of Smithtown, dated August 24, 1976, which, after a hearing, dismissed, on the ground of lack of jurisdiction petitioners' application for a variance to utilize an existing residentially zoned dwelling for an office, petitioners appeal from a judgment of the Supreme Court, Suffolk County, entered January 7, 1977, which dismissed the petition on the merits. Judgment reversed, on the law, without costs or disbursements, and petitioners' application for a variance is remanded to the Zoning Board of Appeals of the Town of Smithtown for a determination on the merits. We note that the subject residentially zoned parcel is only 150 feet wide by 100 feet long; that if the variance were to be granted, only the interior, not the exterior, of the house on the property would be altered; that there is no request for area, set back or sideline, etc., variances; and that the dwelling is located at an intersection of two roads, one of which is a heavily traveled, high-speed highway scheduled to be widened. On the facts of this case, and under the standards set forth in *Van Deusen v Jackson* (35 AD2d 58, affd 28 NY2d 608), the application is one for a variance and not for a change in zone. Accordingly, the board should have determined the application on the merits rather than dismiss it for lack of jurisdiction, and Special Term should have determined the jurisdictional question rather than itself passing upon the merits of the variance application. Accordingly, petitioners' application for a variance is now remitted to the board for a determination on the merits. Nothing in our decision should be construed as a determination of the merits of petitioners' application for a variance. That determination rests solely with the board. Cohalan, J. P., Damiani, Hawkins and Mollen, JJ., concur.