■ Silas Cappel et al., Respondents, v RKO Stanley Warner Theaters, Inc., et al., Appellants.—Order, Supreme Court, New York County, entered September 13, 1977, vacating a prior decision of May 5, 1977, and granting, upon reargument, plaintiff's motion to restore the action to the Trial Calendar, unanimously modified, in the exercise of discretion, to the extent of conditioning the granting of the motion upon plaintiff's counsel paying personally to each defendant $500 within 30 days after service upon plaintiffs by defendants of a copy of the order entered herein, with notice of entry thereof, and otherwise affirmed, with $40 costs and disbursements of this appeal to defendants; if said payments are not timely paid, the order is unanimously reversed, on the law and on the facts, and the motion is in all respects denied, with $40 costs and disbursements of this appeal to defendants. In this personal injury action, at the calendar call of March 15, 1977, plaintiff's counsel submitted an affidavit of actual engagement in Supreme Court and requested an adjournment to April 20. He noted that plaintiffs, who resided in Newfoundland, Canada would then be available. The matter had previously been set down for trial on March 15, and counsel for defendants appeared on that date, ready for trial. At second call plaintiffs' attorney refused to select a jury and the case was "marked off". Plaintiffs moved to restore the matter to the calendar one day before the action would have been dismissed as matter of law for neglect to prosecute (CPLR 3404). Counsel for plaintiff Silas Cappel submitted an affidavit noting that plaintiff's affidavit was not filed earlier because it was not returned from Newfoundland until just prior to its submission. The trial court considered these affidavits inadequate and denied the motion on May 9, 1977. The action was dismissed on March 15, 1977. On motion to reargue the motion, an adequate affidavit of merit was presented along with sufficient excuse for failure to proceed to trial. The court also found that the defendants had failed to establish prejudice resulting from such delay. A dismissal as here may be vacated and case restored upon showing of facts sufficient to excuse

delay and a showing of merits. *(Von Diezelski v Food Fair Stores,* 18 AD2d 724.) "It is the general policy of the courts to permit actions to be determined by a trial on the merits wherever possible and for that purpose a liberal policy is adopted with respect to opening default judgments in furtherance of justice to the end that the parties may have their day in court to litigate the issues." *(Matter of Raichle, Moore, Banning & Weiss v Commonwealth Fin. Corp.,* 14 AD2d 830, 831.) A motion to open a default is addressed to the sound discretion of the court *(Bouxsein v Bialo,* 35 AD2d 523), and will usually be granted provided the moving papers include an affidavit of merit and a sufficient excuse for the default. (4 Weinstein-Korn-Miller, NY Civ Prac, par 3404.05.) Here, the affidavit recited in detail the many injuries of the plaintiff and the likelihood of prevailing on trial, and counsel's affidavit gave a sufficient excuse for default. There was also no proof that defendant suffered prejudice as a result of the passage of time. On this record we cannot say the granting of the motion to restore the action to the Trial Calendar was an improvident exercise of discretion. However, in similar cases of neglect by counsel, this court and other departments have imposed costs to be paid personally by counsel. *(Quinn v Cohn,* 37 AD2d 927.) Concur—Lupiano, J. P., Birns, Silverman, Evans and Sullivan, JJ.