■ HECTOR BONAPARTE, an Infant, by His Mother and Natural Guardian, CARMEN BONAPARTE, et al., Appellants, v RITA FERMIN et al., Defendants, and BESS LUNN et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County, dated August 15, 1978, which granted the respondents' motion directing the plaintiffs to accept their answer. Order affirmed, with $50 costs and disbursements. The infant plaintiff, Hector Bonaparte, was struck by an automobile owned by defendant Lunn and driven by defendant Brooks following a collision with an automobile owned and driven by the other defendants. Lunn and Brooks, residents of the State of Florida, were served with process in accordance with subdivision 2 of section 253 of the Vehicle and Traffic Law. Their verified answer was served upon plaintiffs *five days* after the date that the plaintiffs consented to accept service by written stipulation. The plaintiffs' counsel rejected the answer, both as untimely and because "he could in no way see how any defense could be interposed in good faith." Thereupon, the defendants moved to compel the plaintiffs to accept the proffered answer and Special Term granted the motion. The plaintiffs now appeal from this order. We affirm. It is clear that Special Term properly exercised its discretion in directing the plaintiffs to accept a verified answer that was five days late, where there was no showing of prejudice. "The extraordinary aspect of this * * * appeal is that the time of our courts should have been expended in a matter that properly should have been disposed of by the exercise of simple courtesy between attorneys" *(Bermudez v City of New York,* 22 AD2d 865, 866; see, also, *Jemzura v Benanati,* 55 AD2d 987; cf. CPLR 317). Titone, J. P., Shapiro, Martuscello and Mangano, JJ., concur.

■ MICHAEL GROSSO, Appellant, v LOUIS OHLIG, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Suffolk County, entered June 14, 1977, which, upon a jury verdict, is in his favor, in the amount of $1,000. Judgment reversed, on the law, and new trial granted with respect to the issue of damages only, with costs to abide the event, unless within 20 days after entry of the order to be made hereon, defendant shall serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the verdict in favor of plaintiff to $2,500 and to the entry of an amended judgment accordingly, in which event the judgment, as so increased and amended, is affirmed, without costs or disbursements. The amount of the verdict was inadequate to the extent indicated herein. Damiani, J. P., O'Connor, Lazer and Gulotta, JJ., concur.