■ MUNEY DESIGN, INC., Respondent, v ROSCOE MANAGEMENT CO., Appellant. — Defendant's motion to reargue the order of this court, entered on August 25, 1983, affirming an order of the Supreme Court, New York County (Ernst Rosenberger, J.), entered on July 15, 1982, which denied defendant's motion to vacate its default in filing an answer, and an order of said court, entered on October 26, 1982, which denied defendant's motion to permit the filing of an amended answer, is granted and, upon reargument, the order of August 25, 1983 is recalled and vacated and the orders of the Supreme Court, New York County, entered on July 15, 1982 and October 26, 1982, are reversed, on the law and the facts and in the exercise of discretion, and defendant's motions to vacate the default judgment and permit service of an answer granted on condition that defendant's attorneys pay to plaintiff $500 costs and disbursements within 20 days from the date of this order. Recently, a new section 2005 of the CPLR was adopted which authorizes courts to exercise discretion in order to vacate a default judgment entered against a defendant for failure to file an answer due to law office failure. The statute was expressly made applicable to pending actions or proceedings. In the instant matter, the delay involved was relatively short (34 days), defendant possesses an arguably meritorious defense, plaintiff has not demonstrated any prejudice, and defendant promptly moved to vacate after it learned about the default judgment. Since Special Term indicated that its decisions denying defendant's motions to vacate its default and for leave to file an amended answer were necessitated by the rule enunciated in *Barasch v Micucci* (49 NY2d 594) and *Eaton v Equitable Life Assur. Soc.* (56 NY2d 900), in light of the new statute, the circumstances

of this case warrant the favorable exercise of judicial discretion. Concur — Murphy, P. J., Sullivan, Carro, Milonas and Alexander, JJ.