■ ACES MECHANICAL CORP., Respondent, v COHEN BROTHERS REALTY & CONSTRUCTION CORP. et al., Defendants, and 780 THIRD AVENUE COMPANY et al., Appellants. — Orders of the Supreme Court, New York County (Martin Evans, J., A. M. Myers, J., and Martin Evans, J.), entered January 3, 1983, May 12, 1983 and October 3, 1983, respectively, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and movants' motion to vacate the default granted and defendants allowed an additional 30 days from the date of this court's order to answer the complaint herein upon condition that they pay to the plaintiff the sum of $5,000 costs simultaneously with the service of their answer. In the event that said defendants fail to comply with the conditions aforesaid, the orders are affirmed, with costs of the appeal. These three consolidated appeals arise out of the default by defendants 780 Third Avenue Company, a limited partnership, and Sherman and Edward B. Cohen in responding to plaintiff's complaint. The action is to recover for breach of contract, fraud and malicious interference with a contract. The moving defendants were served with process in the following order and on the following dates: Edward B. Cohen, June 2, 1982; 780 Third Avenue Associates, June 7, 1982; and Sherman Cohen, July 15, 1982. These defendants moved to dismiss the complaint. That motion was denied by order dated October 20, 1982. A copy thereof was served on defendants by mail on November 1, 1982. Pursuant to CPLR 3211 (subd [f]) their time to answer expired on November 15, 1982. On November 16 plaintiff's counsel notified defendants that they were in default. By letter dated November 23, 1982 he repeated that notice and informed them that unless they answered by November 30 he intended to move for a default judgment. On November 29 he received an answer from one of the other defendants. On December 9 plaintiff moved for a default judgment

---

and an assessment of damages. On December 10 the answering defendant and two of the three defendants here involved, Sherman Cohen and Edward B. Cohen, all represented by the same counsel, served upon plaintiff a document purporting to be an amended answer. Since the brothers Cohen were already in default the "amended" answer was rejected as to them. The first order appealed from granted plaintiff's motion of December 9, 1982 for a default judgment and an assessment of damages. Thereupon, the brothers Cohen moved for an extension of time to serve their answer from November 30 to December 10, the date upon which the so-called "amended" answer was served. The denial of that motion resulted in the second order appealed from. Finally, the moving defendants moved to vacate their default. The denial of this motion resulted in the third order appealed from. In light of the amendments to the CPLR wrought by chapter 318 of the Laws of 1983, the lack of substantial prejudice to plaintiff, the policy of the courts to permit actions to be determined on their merits (*Cappel v RKO Stanley Warner Theaters,* 61 AD2d 936; *Matter of Raichle, Moore, Banning & Weiss v Commonwealth Fin. Corp.,* 14 AD2d 830) and the possible merit of the defense asserted by the defendants we think it appropriate that the moving defendants be permitted to answer and defend on the merits. However, because of the inconvenience caused to plaintiff we are of the opinion that the conditions imposed by us are warranted. Concur — Kupferman, J. P., Silverman, Bloom, Fein and Alexander, JJ.