■ HARRY SCOTT et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant.

On or about September 2, 1983, plaintiffs' home, located at 3201 Oxford Avenue in Bronx County, was completely destroyed by fire.

In July 1984, by service of a summons and complaint plaintiffs commenced the instant action against defendant carrier to recover money damages for breach of contract. The complaint alleges, in pertinent part, plaintiffs' home was insured by a fire insurance policy issued by defendant, and defendant improperly refused to pay plaintiffs' claim, which was made in accordance with the terms of that policy.

According to an affidavit of Mr. Melvin Farrah (Mr. Farrah), on July 27, 1984, he was employed by defendant, as a unit claim manager, and he was assigned to the defendant's claim office, located at 145 Huguenot Street, New Rochelle, New York. Furthermore, in his affidavit, Mr. Farrah states on that date, in the subject office, he informed plaintiffs' process server that he was not authorized to accept service of a summons and complaint on behalf of defendant; but, although Mr. Farrah disclaimed that he had authority to accept service, the process server still left the summons and complaint on Mr. Farrah's desk.

Thereafter, defendant admits that Mr. Farrah gave the subject summons and complaint to his supervisor in that office, whose name was Mr. James Cronin (Mr. Cronin). In accordance with defendant's procedure, Mr. Cronin forwarded

a copy of the summons and complaint to the defendant's home office, located in Northbrook, Illinois. Moreover, defendant alleges that this summons and complaint "disappeared" from Mr. Cronin's desk; and, as a result, Mr. Cronin was forced to obtain a copy of the summons and complaint from defendant's home office. Subsequent to receiving the copy of the summons and complaint from the home office, that copy, together with a file, was sent to defendant's counsel for the purpose of preparing an answer to plaintiffs' action.

By notice of motion, dated August 24, 1984, plaintiffs moved, pursuant to CPLR 3215, for an order granting them a default judgment against defendant and setting the matter down for an inquest. In support of this motion, plaintiffs submitted, inter alia, an affidavit of service from a process server, who claimed that on July 27, 1984 he had served Mr. Farrah with the summons and complaint, since allegedly Mr. Farrah told him that he was authorized to accept service for defendant. Also, plaintiffs' counsel submitted an affidavit in support of the motion, which in pertinent part alleged that, since defendant was personally served July 27, 1984, as evidenced by the process server's affidavit, "[p]ursuant to CPLR 320 (a) [defendant] was required to appear in the action on or before August 16, 1984. To date no answer, motion, or other appearance has been received".

The record indicates that on August 27, 1984 the defendant's counsel hand delivered an answer to plaintiffs' counsel, which was rejected by them as untimely.

In response, by notice of cross motion, dated September 7, 1984, defendant sought to, inter alia, (1) dismiss plaintiffs' complaint for lack of personal jurisdiction, upon the basis of alleged failure to perfect service upon defendant; or, in the alternative, (2) compel plaintiffs to accept defendant's answer; or, in the alternative, (3) extend defendant's time to answer, pursuant to CPLR 2004; and, or, in the alternative, (4) relieve defendant of its default in allegedly failing to timely appear, pursuant to CPLR 2005. Accompanying this notice of cross motion were, inter alia, an affirmation of defendant's counsel alleging, inter alia, excusable default, and an affidavit of merit.

Defendant's counsel in his affirmation, in substance, pointed out that although defendant contested jurisdiction because Mr. Farrah was not authorized to accept service on its behalf, defendant had a reasonable excuse for the 10-day late service of its answer, since time to prepare an answer had inadver-

tently been lost due to the alleged "disappearance" of the summons and complaint from Supervisor Cronin's desk.

The defendant's affidavit of merit was submitted by Mr. Dennis Hynes (Mr. Hynes), who was employed by defendant as a senior property adjuster, and who was assigned to process plaintiffs' claim. In his affidavit, Mr. Hynes detailed the steps taken by defendant to process the plaintiffs' claim from the date of the fire, September 2, 1983, to the date of his affidavit, September 6, 1984; and, in substance, those steps included: forwarding to plaintiffs sums of money for living expenses; negotiating with plaintiffs as to whether they desired the market value of the wood-frame home destroyed by fire or the reconstruction of a new home of like kind and quality; and, expending large sums of money to reconstruct a new home for plaintiffs, since that was plaintiffs' choice, but defendant contends that plaintiffs have stalled the completion of that new home by making allegedly unreasonable demands in respect to its specifications.

The plaintiffs' reply to defendant's cross motion, in substance, argued that defendant had failed to demonstrate an excusable delay for its default or to offer a meritorious defense to the action.

Subsequently, Special Term referred to a Referee the issue as to whether defendant had been properly served, and, pending receipt of the Referee's report, the plaintiffs' motion for a default judgment and defendant's cross motion were both held in abeyance.

Following a traverse hearing, the Referee found defendant had been properly served. Thereafter, Special Term granted plaintiffs' motion to confirm the Referee's report, and denied defendant's cross motion to reject it. Moreover, as to the motion and cross motion previously held in abeyance, Special Term, *inter alia,* (1) granted plaintiffs' motion and directed that a default judgment be entered against defendant, and (2) denied defendant's cross motion to extend the time within which to serve its answer.

The defendant states in its memorandum in this court that it is limiting its appeal solely to the contention that Special Term abused its discretion in granting a default judgment.

After our examination of the record, we conclude that Special Term erred.

Plaintiffs' counsel concedes that defendant attempted to serve its answer on August 27, 1984, which was a delay of only 10 days. This court unanimously held in *Bermudez v City*

*of New York* (22 AD2d 865, 866 [1st Dept 1964]), which was a case involving a 10-day delay in the service of an answer, "[i]t must have been apparent to plaintiff's attorneys, in view of the nature of the case, that [defendant] was not deliberately defaulting in the suit". Furthermore, we specifically find that, based upon the facts herein, "the delay in service was not willful or lengthy and that it did not cause any prejudice to the [plaintiffs]" *(A & J Concrete Corp. v Arker,* 54 NY2d 870, 872 [1981]). An additional factor in defendant's favor is that it moved promptly to vacate its alleged default *(Muney Design v Roscoe Mgt. Co.,* 97 AD2d 712 [1st Dept 1983]).

Moreover, our review of both defendant's answer and its affidavit of merit indicates to us that defendant has an arguably meritorious defense to the instant action. We have held that "the policy of the courts [is] to permit actions to be determined on their merits *(Cappel v RKO Stanley Warner Theaters,* 61 AD2d 936; *Matter of Raichle, Moore, Banning & Weiss v Commonwealth Fin. Corp.,* 14 AD2d 830)" *(Aces Mechanical Corp. v Cohen Bros. Realty & Constr. Corp.,* 99 AD2d 455, 456 [1st Dept 1984]).

Based upon our foregoing analysis, which indicates a short nonprejudicial delay in serving an answer and an arguably meritorious defense, "we are not persuaded that the circumstances warrant the drastic remedy of entry of a default judgment" *(Cotter v Consolidated Edison Co.,* 99 AD2d 738 [1st Dept 1984]).

Accordingly, we vacate the default judgment, and grant that part of defendant's cross motion that seeks to extend its time to answer, upon condition that defendant serve its answer within 20 days of the date of the entry of this court's order herein. Concur—Sandler, J. P., Sullivan, Ross, Carro and Asch, JJ.