■ MARY E. DAWLEY, Individually and as Administratrix of the Estate of L. REXFORD DAWLEY, Deceased, Respondent, v SHANNON T. MINIER, Appellant. (Appeal No. 1.)—Order modified on the law and as a matter of discretion and as modified affirmed without costs, in accordance with the following memorandum: Special Term abused its discretion in ordering defendant's insurance carrier to pay a sanction of $2,500 as a condition for permitting defendant to serve a late answer. The record reveals that defendant's failure to interpose an answer was not the result of neglect or a ploy, but rather was based on the insurance carrier's good-faith belief that the case had been settled.

The summons and complaint was served upon the defendant on February 19, 1986. Defense counsel received the summons and complaint from defendant's insurance carrier on March 4, 1986 and prepared an answer on the same day. On March 7, 1986 an agent of the carrier offered the policy limits to a member of the law firm representing plaintiff and was told that the attorney handling the file was away but would be informed of the offer when he returned. The agent then informed defense counsel that the case had been settled. It was not until April 17, 1986 that defense counsel learned from plaintiff's counsel that the case had not been settled.

While monetary sanctions may be justified in certain instances (see, CPLR 3012 [d]), this is not such a case. Plaintiff has failed to demonstrate any prejudice from the short delay occasioned by defendant's failure to answer timely. Moreover, there is no evidence that defendant, his counsel, or his carrier purposely caused the delay, or was attempting to harass the plaintiff in any way. Under these circumstances, a monetary sanction was unnecessary and inappropriate. Additionally, the insurance carrier is not a party to the action and thus is not subject to the court's order.

All concur, except Pine and Balio, JJ., who dissent and vote to affirm, in the following memorandum.

Pine and Balio, JJ. (dissenting). We dissent and vote to affirm. At Special Term, defendant submitted only an affidavit of defense counsel stating that he had been told by the carrier that the case had been settled. Plaintiff submitted in opposition an affidavit by an associate in his attorney's firm that some four months earlier, on November 12, 1985, his firm had sent a "bad faith" letter to defendant's carrier offering to settle for the policy limits. The letter, attached to the affidavit, described the negotiations that had occurred. It said that decedent was a 65-year-old employed machinist riding as a passenger in his son's car when the car was struck head on by defendant's automobile, which had crossed the center line of the road. Defendant was arrested immediately after the accident and charged with criminally negligent homicide, a charge to which he pleaded guilty. Defendant also admitted that he was intoxicated at the time. The letter recited that the carrier had offered $30,000 to settle the case and that plaintiff demanded the policy limits of $50,000. The letter offered to accept the policy limits until December 15, 1985, at which time the offer would be withdrawn and suit commenced.

The associate's affidavit stated that, no response to the letter having been received, a summons and complaint were served on February 19, 1986. He said that on March 7, 1986 he had a telephone conversation with a representative of the carrier on an unrelated matter and that, at the end of the conversation, that representative asked to speak to the attorney handling this case. The associate explained that that person was out of the office until April. The carrier's representative then advised that he wished to offer the policy limits. The associate said he had no authority but that he would communicate the offer to the responsible attorney when he returned. The associate averred that he did not tell the carrier that the offer would be accepted or that the case was settled and that no further discussion occurred.

Without seeking an extension of time to answer, the representative of the carrier nevertheless instructed defendant's attorney on March 7, 1986 that the case had been settled, so that no answer was served. Defense counsel diaried the matter ahead to April 7, expecting to receive closing papers from plaintiff's counsel. No papers having been received, on April 8th defense counsel wrote to plaintiff's counsel that he understood there had been a settlement and that he was expecting closing papers. Thereafter, plaintiff's attorney advised him

that the case had not been settled and that plaintiff would not voluntarily accept an answer. Defendant therefore brought the instant motion to compel acceptance of the answer.

CPLR 3012 (d) provides that the court may compel acceptance of an untimely pleading "upon such terms as may be just and upon a showing of reasonable excuse for delay or default." An affidavit of merit is not required (Ching v Ching, 125 AD2d 934). Special Term must determine whether the over-all conduct that caused the delay or default is "reasonable". If the delay is not reasonable, it is an abuse of discretion to grant an extension (see, Bernard v City School Dist., 96 AD2d 995). Because defendant had a reasonable excuse for the delay, it was proper for the court to permit the late answer. However, a meaningful monetary sanction is appropriate as a condition of permitting a party to cure a reasonable default (see, Siegel, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1987 Pocket Part, CPLR C3012:19, at 176). It is just to impose the sanction against the one responsible for the default, in this case, the carrier. There is no requirement that defendant's conduct involved bad faith or that plaintiff be prejudiced to warrant imposition of a sanction as a condition of permitting late service of a pleading (see, Cotter v Consolidated Edison Co., 99 AD2d 738; Lindo v Evans, 98 AD2d 765; Muney Design v Roscoe Mgt. Co., 97 AD2d 712). (Appeal from order of Supreme Court, Erie County, Fudeman, J.—sanctions.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.