(January 26, 1988)

■ ACES MECHANICAL CORP., Respondent-Appellant, v COHEN BROTHERS REALTY & CONSTRUCTION CORP. et al., Appellants-Respondents, et al., Defendants.—Order and judgment (one paper), Supreme Court, New York County (Norman A. Mordue, J.), entered October 31, 1986, following a jury trial before Justice Myron E. Tillman, in favor of plaintiff-respondent-appellant on the first cause of action for breach of contract, which dismissed the second cause of action for fraud, granted defendants' motion to vacate the prior judgment entered September 30, 1983, only to the extent of vacating the damages awarded for fraud, and granted plaintiff's motion for judgment in the amount of $177,364 with interest, unanimously modified, on the law, to grant defendants' motion to vacate in its entirety the judgment entered September 30, 1983, assessing damages in the amount of $177,364 against defendants, to dismiss the complaint in its entirety as against defendant Cohen Brothers Realty & Construction Corp., to deny plaintiff's motion for judgment on the contract cause of action and to vacate the jury verdict on liability against

defendants and remand the contract cause of action for a new trial, and otherwise affirmed, without costs.

Following commencement of plaintiff's action for breach of contract and fraud, defendants 780 Third Avenue Company, Sherman Cohen and Edward Cohen failed to submit a timely answer and a default judgment was entered against them. Pending appeal to this court, an inquest was held to assess damages against the defaulting defendants. Defendant Cohen Brothers Realty & Construction Corp., which had submitted a timely answer, did not appear at the inquest. After a five-day, nonjury hearing before Justice Martin Evans, plaintiff was awarded the sum of $177,364 on its breach of contract claim and $10 in nominal damages on its fraud claim, together with interest from November 1981. Judgment in plaintiff's favor was entered September 30, 1983. However, in January 1984 [99 AD2d 455], this court ordered the defendants' default vacated and permitted them to answer on condition that they pay plaintiff $5,000 in costs. Although defendants filed a notice of appeal from the inquest judgment of September 30, 1983, the appeal was not perfected.

Defendants answered and a jury trial on the issue of liability was held before Justice Tillman. At the close of plaintiff's case defendant Cohen Brothers Realty & Construction Corp. moved for dismissal of the contract claim against it, as there was no proof that the corporation was a party to the contract. The court erred in denying the motion. There was no evidence to contradict this defendant's contention that its role in this transaction was limited to acting as an agent for a disclosed principal, 780 Third Avenue Associates. Nor was there any showing that the corporate form should be disregarded to prevent fraud or achieve equity *(Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 656 [1976]). Plaintiff presented no evidence that the corporate defendant was merely the alter ego of its officers and principals, the individual defendants herein who were also members of the partnerships forming 780 Third Avenue Associates. Consequently, there was no basis for holding the corporate defendant liable for the breach of a contract to which it was not a party.

We also find that plaintiff's evidence as to the existence of a contract between the parties was insufficient to support the verdict in its favor. Plaintiff relied on a back-dated "letter of intent" signed by defendant 780 Third Avenue Associates which was given to plaintiff at a meeting on October 13, 1981 as evidence of its contract. That letter states that the agreement concluded between the parties was subject to two condi-

tions: approval by defendants' engineers of plaintiff's modifications to the plans and specifications, and "our entering into a standard form of Agreement satisfactory to" one of the owner's partners and defendants' lending institutions. The price of $1.3 million in the letter of intent was, as plaintiff's own letter of November 12, 1981 indicates, subject to change depending upon the scope of the work and the approved modifications to the plans and specifications.

Plaintiff's own witness conceded that as of November 1981 the parties had only agreed to enter into a contract at a later date. That contract, embodied in the standard form agreement, was never concluded because the parties could not agree on the "no work stoppage" clause. Thus, the evidence did not indicate a present intent to be bound by the letter delivered in October 1981, but, rather, an intent to negotiate the essential terms of a binding agreement. This is not a case in which the parties had only to formalize an agreement already reached (see, Matter of Municipal Consultants & Publishers v Town of Ramapo, 47 NY2d 144 [1979]; Karson v Arnow, 32 Misc 2d 499, 504-505 [Sup Ct, NY County 1962]). Plaintiff's evidence does not establish the indispensable "meeting of the minds" regarding the material terms of this transaction and, therefore, the existence of an enforceable contract (Martin Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]; Brause v Goldman, 10 AD2d 328, 333 [1st Dept 1960], affd 9 NY2d 620 [1961]).

At the trial on damages before Justice Mordue, plaintiff moved for judgment against all defendants on the contract action in the amount of $177,364, plus interest. The court granted the motion and directed entry of judgment against all defendants in the amount previously fixed in the September 30, 1983 judgment, and denied defendant's cross motion to vacate that judgment pursuant to CPLR 5015 (a) (5). Inasmuch as the default on which the September 30, 1983 judgment was based had been vacated, that judgment should also have been vacated. Refusal to do so resulted in an increase of more than $8,000 in the amount of interest on the damages awarded plaintiff because the damage judgment preceded the judgment on liability by three years. Plaintiff was awarded simple interest from the date of the breach, November 1981, to the date of the damage judgment, September 30, 1983, and compound interest on the damage judgment from September 30, 1983 to the date of the liability judgment, October 31, 1986. Defendants correctly argue that this assessment of compound interest in effect penalizes them for litigating the issue of

liability after they were authorized to do so by this court. We therefore grant defendants' motion to vacate the September 30, 1983 judgment.

We have considered the arguments raised in the cross appeal regarding plaintiff's fraud claim. The jury found that defendants solicited and considered plaintiff's bid in good faith, thus, the precontract negotiations were not fraudulent. Plaintiff's claim that defendants entered into a contract with no intention of performing it cannot convert a breach of contract action into one for fraud *(Comtomark, Inc. v Satellite Communications Network,* 116 AD2d 499 [1st Dept 1986]). Concur—Murphy, P. J., Carro, Rosenberger, Ellerin and Smith, JJ.