■ LUIS HASSE et al., Appellants, v GLORIA FOWLES, Professionally Known as GLORIA GAYNOR, et al., Respondents. [642 NYS2d 512] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about February 15, 1995, which granted defendants' motion to vacate an order of the same court and Justice entered February 24, 1987 granting plaintiff's motion for summary judgment upon defendants' default and the judgment entered thereon on July 6, 1987, conditioned upon, *inter alia*, the posting of a bond in the amount of $50,000; and order of the same court and Justice entered on or about June 22, 1995, which granted plaintiffs' motion for reargument and, upon reargument, adhered to the court's earlier order except to clarify that there had been no determination with respect to plaintiffs' motion for summary judgment which may be resubmitted, unanimously affirmed, with costs.

As it is the policy to permit actions to be determined on their merits (*Scott v Allstate Ins. Co.*, 124 AD2d 481, 484), the IAS Court did not improvidently exercise its discretion in conditionally vacating the default, since there had been a proper showing that the default was excusable and a meritorious defense existed, even after a delay of more than one year (*Hunter v Enquirer/Star, Inc.*, 210 AD2d 32). Here, service had been made upon defendants' counsel after the firm had dis-

solved, at an office address which had been vacated. Defendants also alleged a meritorious defense in that the signed Letter of Agreement, upon which this breach of contract action is based, is allegedly insufficient to constitute an international performance contract as known in the industry. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.