■ THERESA SANFORD et al., Infants, by Their Mother and Natural Guardian, VALERIE JOHNSON, et al., Respondents, v 27-29 W. 181ST STREET ASSOCIATION INC. et al., Appellants. [753 NYS2d 49] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered March 12, 2001, which denied defendants' motion to vacate a default judgment entered against them, unanimously reversed, on the law, without costs, and the motion granted.

The complaint alleges that the infant plaintiffs ingested lead paint while residing at an apartment building operated and controlled by defendants during the period beginning in February 1994 and continuing through January 1996. Following their failure to file an answer, a default judgment was entered against defendants on or about June 15, 2000. Defendants brought this motion to vacate their default by order to show cause returnable January 12, 2001.

The moving papers set forth a reasonable excuse for the default. Defendants gave timely notice of the claim to their insurance carriers, which indicated that they would undertake to defend the action. The record contains correspondence dated as late as August 11, 2000 from both the insurers and organizations investigating the claim, reflecting an intent to interpose a defense. The affidavit in support of the motion relates that defendants were first advised of the need to retain counsel by a representative of the New York State Insurance Department Liquidation Bureau on or about October 25, 2000.

The moving papers state a meritorious defense to the action. The affidavit of defendant Zesha Auerbach, who the complaint alleges to be in control of the operation and management of the subject premises, states that no lead paint violation had ever been issued against the building and, therefore, that there was no reason to suspect the existence of a hazardous condition. He asserts that defendants had no notice of the residence of the infant plaintiffs in the subject apartment during the time period stated in the complaint. Indeed, the affidavit of plaintiff Valerie Johnson, submitted in connection with her motion for a default judgment, states that her family resided in the apartment (which is leased by her mother) only until November 1993. Thereafter, the children continued to visit their grandmother until about April 1997. These conflicting allegations

raise factual questions concerning the time period in which the infant plaintiffs resided in defendants' apartment building and whether defendants were on notice that children were present in their grandmother's apartment.

There is no merit to plaintiffs' effort to exclude the affidavit of the building manager submitted with the reply papers. Plaintiffs' opposing affirmation virtually demands that defendants supply this statement, asserting that the manager is "the more appropriate person to address 181 ASSOCIATES' knowledge, or lack thereof, as to the residency of the infant plaintiffs." As such, the reply affidavit is clearly responsive to arguments raised in the opposing papers.

The prohibition against accepting material in reply papers that was established in *Ritt v Lenox Hill Hosp.* (182 AD2d 560, 562) and its progeny is directed at the introduction of "new arguments in support of, or new grounds for the motion" (*Dannasch v Bifulco*, 184 AD2d 415, 417) at a point in the proceedings when the opposing party has no opportunity to respond (*see Schultz v 400 Coop. Corp.*, 292 AD2d 16, 21). The cases cited by plaintiffs in support of excluding the reply affidavit involve applications in which the proponent of summary judgment attempted to remedy a fundamental deficiency in the moving papers by submitting evidentiary material with the reply (*see Migdol v City of New York*, 291 AD2d 201; *see also Voytek Tech. v Rapid Access Consulting*, 279 AD2d 470; *Constantine v Premier Cab Corp.*, 295 AD2d 303). As defendants' motion is supported by the affidavit of defendant Auerbach, it suffers from no such inadequacy. Finally, there is a preference that disputes be resolved on their merits (*see Matter of Murray v Matusiak*, 247 AD2d 303, 304), and "a liberal policy is adopted with respect to opening default judgments in furtherance of justice to the end that the parties may have their day in court to litigate the issues" (*Cappel v RKO Stanley Warner Theaters*, 61 AD2d 936, 937, quoting *Matter of Raichle, Moore, Banning & Weiss v Commonwealth Fin. Corp.*, 14 AD2d 830, 831). Concur—Tom, J.P., Andrias, Saxe, Rubin and Friedman, JJ.