Nedeltcheva v MTE Transp. Corp. (2018 NY Slip Op 00023)





Nedeltcheva v MTE Transp. Corp.


2018 NY Slip Op 00023


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5338N 160991/15

[*1] Tatiana Nedeltcheva, et al., Plaintiffs-Appellants,
v
MTE Transportation Corp., et al., Defendants-Respondents.


Parvan P. Parvanov, New York, for appellants.
Marjorie E. Bornes, Brooklyn, for respondents.



Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered August 10, 2016, which denied plaintiffs' motion for a default judgment, and granted defendants' cross motion to the extent of directing plaintiffs to accept defendants' answer and, sua sponte, deeming it timely filed and served nunc pro tunc, unanimously affirmed, without costs.
Plaintiffs were not entitled to a default judgment because the affidavits of service of the summons and complaint indicate that service was not effectuated at the proper address (CPLR 3215[f]). In any event, the motion for a default judgment was also properly denied since it was unsupported by a complaint or affidavit sworn to by a person with personal knowledge of the facts in this personal injury action (see Saks v New York City Health & Hosps. Corp., 302 AD2d 213 [1st Dept 2003]). The court also exercised its discretion in a provident manner in directing that plaintiffs accept service of defendants' answer in light of the approximate one-month delay in service of an answer, a lack of showing of prejudice to plaintiffs, and considering the deficiencies in the service of process (see Yu v Vantage Mgt. Servs., LLC, 85 AD3d 564 [1st Dept 2011]; Scott v Allstate Ins. Co., 124 AD2d 481, 484 [1st Dept 1986]). Furthermore, as noted by the motion court, there is a strong public policy in this state is to resolve disputes on the merits (see Arrington v Bronx Jean Co., Inc., 76 AD3d 461, 462 (1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK