■ MATE PICINIC, Respondent, v SEATRAIN LINES, INC., et al., Appellants.—Order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered August 20, 1984, denying defendant-appellant Jackson Tanker Corporation's motion for reargument and/or renewal and its motion to vacate the default judgment granted to plaintiff by the same court by order entered March 1, 1984, is unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, and the motion to vacate the default judgment granted and defendant-appellant directed to serve an amended verified answer within 20 days of service upon it of a copy of this court's order entered herein.

Plaintiff-respondent, a longshoreman-checker, was injured on April 28, 1980 while working at Port-Seatrain in Weehawken, New Jersey. This action was commenced, by service

of a verified complaint, on or about April 20, 1983, to recover money damages for the personal injuries plaintiff sustained. Three defendants were named in the suit: Seatrain Lines, Inc., and two of its subsidiaries, Seatrain Realty, Inc., and appellant Jackson Tanker Corporation. On June 28, 1983, defendant Tanker had not yet served an answer, and respondent moved to sever the action as against Jackson and for entry of a default judgment. Jackson opposed the motion and submitted an affidavit explaining its delay in answering, and an affidavit of merit by one Aron Pick, alleging that the area known as the North Yard, where the accident occurred, was "not owned, leased, operated, maintained or controlled" by appellant Jackson "at any time." An amended verified answer was also submitted on behalf of all three defendants.

In a decision dated February 14, 1984, Justice Wright granted respondent's motion to sever the action and enter the default judgment and directed that the matter be placed on the Trial Calendar for an assessment of damages. The court based its decision on defendant's failure "to submit an affidavit of merit by a person with knowledge, an omission that is fatal to defendant's reason for an excuse of its default and for leave to serve the belated answer [citation omitted]." An order was settled therein and entered on March 1, 1984.

On April 25, 1984, appellant Jackson moved for reargument and/or renewal, and, in the alternative, moved to vacate the default judgment, citing CPLR 2005. Appellant reasserted its explanation for its failure to timely serve an answer and submitted another affidavit by Aron Pick raising the defense that Jackson did not in any way or at any time own or control the North Yard. To cure the "fatal" deficiency noted previously by Justice Wright, this new affidavit included information as to Pick's relationship to appellant to demonstrate that he was a person with knowledge of the facts of the case. Additionally, appellant submitted the affidavit of Charles Hess, the corporate secretary and treasurer of Jackson, who stated his familiarity with the case and also asserted that appellant Jackson never owned or controlled the North Yard.

Justice Wright considered the merits of the motion but denied it. Treated as a motion for reargument, the court below noted both that it was untimely, since it was made after the expiration of the time to appeal from the determination of the original order, and did not follow the requirements of *Foley v Roche* (68 AD2d 558), presumably because the motion did not address what facts the court misapprehended or what law it overlooked. The court considered the motion as primarily one

to open the default and obtain leave to serve a proposed answer. The court noted that although CPLR 2005 permits a court, when considering a motion to vacate a default, "to excuse delay or default resulting from law office failure", relief from a default must still be based on a showing of merit. Without determining whether the delay here was excusable, the court denied the motion, since it found that appellant had failed to raise a sufficiently meritorious defense in that its claimed lack of ownership did not preclude the possibility that Jackson could have contributed to the condition of the North Yard and that the affidavits of merit were in any case "conclusory", with "no evidentiary detail to underscore alleged merits."

While Special Term properly treated this motion as one seeking relief from default, we find that it erred in concluding that appellant had failed to raise a sufficiently meritorious defense, and it was an abuse of discretion not to grant the relief requested. CPLR 5015 (a) (1) permits a party to move to open a default judgment, based on excusable default and a meritorious defense, within one year of service of a copy of the judgment with written notice of its entry upon it, or, if the moving party has entered the judgment within a year of entry of the judgment. *(See also, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693.) CPLR 2005, which became effective in June of 1983, restored the courts' authority to excuse defaults occasioned by law office failure, an authority which had been severely limited by the ruling in *Barasch v Micucci* (49 NY2d 594).

In opposition to appellant's motion, plaintiff argued that CPLR 5015 (a) (1) does not allow a party to move to vacate after he already unsuccessfully litigated the issues pertaining to the default at the time the default judgment was entered. To support this contention plaintiff cites *Pergamon Press v Tietze* (81 AD2d 831, 832). In that case, the defendant's amended answer was stricken and judgment in plaintiff's favor entered pursuant to CPLR 3126 as a penalty for defendant's deliberate disregard of three orders pertaining to disclosure. The judgment there, however, was entered only after defendant vigorously contested the issue of his deliberate disobedience and after the court found against him on that issue. In contrast, the contested issue here of the existence of a meritorious defense was never decided on the merits during the first proceeding. Although appellant attempted to contest the default, the effort was stymied by the court's refusal to consider defendant's argument due to the technical deficiency

in the affidavit of merit. CPLR 5015 (a) (1) contemplates a situation in which the defendant has not had an opportunity to be heard on the merits upon a full hearing. (Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1964-1984 Supp Pamph, CPLR 5015, pp 433-434.) Defendant did not have his full hearing on the merits until after the default judgment was entered, when he moved to vacate that judgment under CPLR 2005 and, by incorporation, CPLR 5015 (a) (1). It was only then that the merits of his argument were considered and then denied.

On the merits, however, we differ with Special Term. First, we find that the approximately 48-day delay in filing an answer was attributable to excusable law office failure. The corporate counsel to both Seatrain Lines and Jackson timely received the summons and complaint and promptly submitted them to Seatrain Lines' insurance agent, who in turn sent the papers to the insurer, Travelers Insurance Co., with a letter listing Seatrain Lines and Seatrain Realty as the insured defendants. Due to confusion as to which defendants were actually insured, no answer was submitted on appellant's behalf. On June 28, 1983, it was discovered that appellant was also covered and an amended verified answer was prepared on June 30, 1983. Although law office failure did occur in handling the summons and complaint, we are persuaded that the delay occasioned by that failure was not deliberate and was not so protracted as to have prejudiced plaintiff. We find, therefore, that the law office failure was not so egregious as to prevent us from reaching the merits of appellant's defense to this action.

On that issue, we conclude that the affidavit of merit did raise a sufficiently meritorious defense to support vacating the default judgment. If it is true that Jackson never owned or in any way exercised control over the area in which plaintiff's accident occurred, then it will be absolved of any liability for the injuries sustained by respondent herein. The claim of nonownership was made both by corporate counsel to appellant and a corporate officer of appellant, both of whom had knowledge of the facts of the case. Special Term's primary grievance regarding the affidavit of merit, viz., that it was too "conclusory", was misplaced. The statement concerning the lack of ownership and control over the North Yard was one which high-level corporate officials are qualified to make and one which by its very nature is conclusory. Submitting proof on the issue was a matter to be left for trial or discovery. The claim in the affidavit was, however, sufficient to require that a

disposition of the issue be had at trial. We note that a strong public policy exists in this State for resolving disputes on their merits, and toward that end a liberal policy has been adopted with respect to opening default judgments in furtherance of justice so that parties may have their day in court. *(See, Cappel v RKO Stanley Warner Theatres,* 61 AD2d 936.) Because the defense, if true, would absolve appellant of liability, a great miscarriage of justice would occur if appellant is not given its day in court on this issue. Accordingly, we hold that the court below abused its discretion in not vacating the judgment, and we therefore reverse. Concur—Sullivan, J. P., Carro, Asch, Kassal and Rosenberger, JJ.