■ EDMUND MORALES, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant.—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered November 2, 1989, which granted plaintiff's motion for a default judgment against defendant City of New York and denied defendant City of New York's cross-motion to appear and plead or to compel acceptance of its answer, unanimously affirmed, without costs. Order of said court entered June 19, 1990, which denied defendant City of New York's motion to renew and upon renewal, to vacate the default judgment, unanimously reversed, on the law, the facts and in the exercise of discretion, the motion for renewal is granted, and upon renewal, the default judgment is vacated and the City's motion to compel acceptance of its answer is granted, without costs.

Plaintiff instituted this action to recover damages for injuries sustained on June 18, 1987 when his automobile struck a purportedly abandoned vehicle on the Hutchinson River Parkway. He sued the City of New York for negligence in failing to mark or remove the vehicle and for the defective design of the shoulder of the highway. He also sued the New York City Health and Hospitals Corporation ("HHC"), claiming he received inadequate treatment at the Bronx Municipal Hospital.

On March 1, 1989, plaintiff moved for a default judgment against defendants. Defendants then cross-moved for an order extending their time to appear and plead or to compel the acceptance of their answers. In support of defendants' cross-motion, the Assistant Corporation Counsel alleged that after the summons and complaint were received by the pleadings unit of her office on September 9, 1988, the pleadings were given to an employee to bring to the Special Litigation and

Medical Malpractice Unit. However, the pleadings were misplaced. Plaintiff's attorney was then notified by telephone of the need for an additional copy of the pleadings. Plaintiff's counsel, in his motion, however, claimed that the caller did not leave his name nor did he specify where the pleadings should be sent. Defendants' investigation revealed that their failure to appear was due to the clerical error and to plaintiff's failure to furnish additional copies of the pleadings as requested.

Defendants further claimed to have meritorious defenses. The City denied having actual or constructive notice of the abandoned car and denied owing a duty to plaintiff to properly design the highway. HHC submitted an affidavit from a physician who stated that his review of plaintiff's medical records revealed that there was no deviation from the standards and practices of medical care rendered in the treatment of plaintiff.

The Supreme Court granted plaintiff's motion for a default judgment against the City and denied the City's cross-motion to compel acceptance of its answer on the ground that the City failed to show that it had a meritorious defense since it submitted an attorney's affidavit instead of an affidavit from a person with knowledge. Plaintiff's motion for a default judgment with respect to HHC was also denied.

The City thereafter moved for renewal of the order, and, upon renewal, vacatur of its default and an order compelling plaintiff's acceptance of its answer. In support of its motion, the City submitted an affidavit from the police officer who responded to the scene of plaintiff's accident. He alleged that his investigation revealed that plaintiff was travelling in the left lane of the highway when an unidentified vehicle cut him off, causing him to lose control of his car. His car then struck a disabled, rather than abandoned, vehicle which was in the right lane of the highway. The City further denied responsibility for the highway where the accident occurred since it claimed that it was a State Arterial Highway.

The Supreme Court denied the City's motion to renew for failure to submit the police officer's affidavit on the original motion.

While the original motion for a default judgment against the City was properly granted, the Supreme Court improvidently exercised its discretion in denying the City's motion for renewal and, upon renewal, for vacatur of the default judgment. "[T]he requirement that a motion for renewal be based

upon newly discovered facts is a flexible one, and a court may in its discretion grant renewal upon facts known to the moving party at the time of the original motion" *(Patterson v Town of Hempstead,* 104 AD2d 975, 976; *Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816; *Shure v Village of Westhampton Beach,* 121 AD2d 887; *Picinic v Seatrain Lines,* 117 AD2d 504).

The circumstances herein do not warrant the drastic remedy of a default judgment in light of the meritorious defenses offered by defendant, the fact that the delay was not wilful and since the delay will not unduly prejudice plaintiff. Permitting this action to go forward is also in keeping with the policy of the courts to determine actions on their merits *(Scott v Allstate Ins. Co.,* 124 AD2d 481; *and see, Constable v Matie,* 145 AD2d 987). Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.