■ JOHN AND MARY MARKLE FOUNDATION, Respondent, v MANUFACTURERS HANOVER TRUST COMPANY, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Christ, J.), entered December 13, 1989, as granted the plaintiff's purported cross motion for summary judgment and awarded the plaintiff judgment in its favor and against defendant in the principal sum of $274,500.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff commenced this action to recover the aggregate amount of four sums alleged to have been improperly debited from its account by the defendant between November 1985 and November 1986. These amounts were apparently transferred by the defendant to other bank accounts at the oral direction of the plaintiff's treasurer in the form of wire transfers. It was subsequently learned that the treasurer had diverted those funds for her own use. The plaintiff alleged that such transfers were unauthorized under the "Certificate to Corporate Banking Resolutions" (hereinafter the certificate)

which had been filed with the defendant in June 1985 and which required the signatures of two authorized persons before the defendant could charge to the plaintiff's account "any and all checks, notes, drafts, bills of exchange, acceptances, orders or other instruments for the payment of money or the withdrawal of funds".

. Prior to submitting an answer, the defendant moved to dismiss the complaint for failure to state a cause of action, on the grounds that (1) the certificate did not apply to wire transfers, (2) by virtue of the fact that the treasurer was the "sole point of contact" between the plaintiff and the defendant during the period in question, she had actual or apparent authority to order wire transfers, and (3) the plaintiff should be estopped from making these claims against the defendant by virtue of its failure to object to its account statements. In response, the plaintiff cross-moved "for an Order pursuant to CPLR 3211 (c) and 3212, granting summary judgment to plaintiff". In reply, the defendant's attorney filed an affidavit wherein he briefly noted that the plaintiff should bear the cost of its own negligence, and asked that the complaint be dismissed.

The Supreme Court denied the defendant's motion and granted the "[c]ross-motion by plaintiff for summary judgment pursuant to CPLR 3211 (c) and 3212". The court found that the certificate did apply to wire transfer orders, and that the defendant acted in violation of the certificate when it effectuated the transfer orders without two authorized signatures. The court further found that, as a consequence of the certificate, the plaintiff's treasurer had neither actual nor apparent authority to order a wire transfer. The defendant appeals from so much of the court's order and judgment (one paper) as granted summary judgment to the plaintiff. We reverse insofar as appealed from.

On the record before us it is evident that the certificate constitutes the only agreement between the parties, and that the parties did not intend to authorize the defendant to transfer the plaintiff's funds on the strength of oral, i.e., wire instructions alone. Thus the Supreme Court properly concluded, albeit for the wrong reasons, that the wire transfers were unauthorized. However, there is a procedural flaw which precludes affirmance.

A motion for summary judgment cannot be made until after issue is joined (CPLR 3212 [a]). Thus, the plaintiff's motion for summary judgment was premature. While, CPLR 3211 (c), which was also relied upon by the plaintiff, provides that

"[w]hether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment", the Supreme Court in this case did not give the parties adequate notice, and the fact that the plaintiff requested that relief is not a sufficient substitute for such notice *(see, Mihlovan v Grozavu,* 72 NY2d 506, 508, n). Moreover, on this record, it is not "unequivocally clear" that the defendant was "deliberately charting a summary judgment course" *(Four Seasons Hotel v Vinnik,* 127 AD2d 310, 320; *see, Mihlovan v Grozavu, supra; Rovello v Orofino Realty Co.,* 40 NY2d 633, 635). We therefore must reverse the order and judgment insofar as appealed from, and remit the matter so that the Supreme Court may, if it be so inclined, provide the parties with the requisite notice, and with an opportunity to present such proof with respect to the motion, as each may consider appropriate. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.