38 HOLDING CORP., Respondent, v CITY OF NEW YORK, Appellant.

Pursuant to a written lease, in 1985, the 38 Holding Corp. (landlord), as landlord, leased to the City of New York (City), as tenant, the third and fourth floors of a commercial building (premises), located in 519-531 Cortlandt Avenue, Bronx County.

In December 1989, by summons and complaint, the landlord (plaintiff) commenced an action against the City (defendant) to recover rent for use and occupancy of those premises, and for the costs to repair them. The complaint alleges, in substance,

that, although the lease terminated on March 31, 1989, the defendant improperly held over, failed to pay use and occupancy in the amount of $59,852.00 for the period March 31, 1989 through August 31, 1989, and owes landlord $12,000.00 for the cost of removing debris from those premises.

Since the defendant failed to interpose an answer, plaintiff moved, in February 1990, for a default judgment. After that motion had been adjourned seven times, a default judgment was entered, December 5, 1990, in favor of plaintiff and against defendant in the amount of $59,852.00.

Thereafter, by order, entered March 1, 1991, the IAS Court denied defendant's motion to vacate the default, and also, by order, entered July 18, 1991, that Court denied defendant's motion to renew. Defendant appeals from both orders.

An application to vacate an order of default may be granted, if the movant can establish that his or her default was excusable and that he or she has a meritorious defense to the action (see, Barasch v Micucci, 49 NY2d 594, 599 [1980]; CPLR 5015 [a]). A determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court (Perellie v Crimson's Rest., 108 AD2d 903, 904 [1985]). Repeatedly, it has been held that "[i]t is the general policy of the courts to permit actions to be determined by a trial on the merits wherever possible and for that purpose a liberal policy is adopted with respect to opening default judgments in furtherance of justice to the end that the parties may have their day in court to litigate the issues" (Matter of Raichle, Moore, Banning & Weiss v Commonwealth Fin. Corp., 14 AD2d 830, 831 [1961]; Cappel v RKO Stanley Warner Theaters, 61 AD2d 936, 937 [1st Dept 1978]; Aces Mechanical Corp. v Cohen Bros. Realty & Constr. Corp., 99 AD2d 455, 456 [1st Dept 1984]; Scott v Allstate Ins. Co., 124 AD2d 481, 484 [1st Dept 1986]).

Our examination of the record indicates that the principal reason for defendant's delay in submitting an answer was the terminal illness of the father of the Assistant Corporation Counsel handling the matter, and the reliance of that counsel upon the continued assurances received from an associate of plaintiff's counsel that defendant's time to answer would be extended.

Further, our view of the motion papers submitted by defendant in support of its motion to renew indicates that it has a meritorious defense to the action. Evidence of that defense consists of affidavits, from persons with knowledge of the facts,

indicating *inter alia,* that the rent was paid for the premises through the end of the lease term and that there was no holdover since the defendant vacated the premises and returned the keys prior to the end of the lease term.

It is well established law that "the requirement that a motion for renewal be based upon newly discovered facts is a flexible one, and a court may in its discretion grant renewal upon facts known to the moving party at the time of the original motion" *(Patterson v Town of Hempstead,* 104 AD2d 975, 976 [1984]; *Morales v City of New York,* 172 AD2d 430, 431-432 [1st Dept 1991]).

Applying the legal authority analyzed *supra* to the facts herein, we find that "[t]he circumstances * * * do not warrant the drastic remedy of a default judgment in light of the meritorious defenses offered by defendant, the fact that the delay was not wilful and since the delay will not unduly prejudice plaintiff" *(Morales v City of New York, supra,* at 432). Although we agree with the IAS Court that the original motion for a default judgment against the defendant was properly granted, we find that the IAS Court "improvidently exercised its discretion in denying the [defendant's] motion for renewal and, upon renewal, for vacatur of the default judgment" *(Morales v City of New York, supra,* at 431).

Accordingly, we reverse, grant defendant's motion to renew, and upon renewal, vacate the default judgment, and grant defendant leave to interpose an answer. Concur—Rosenberger, J. P, Wallach, Ross and Smith, JJ.