(July 13, 1992)

■ CARL BELLO et al., Appellants, v CABLEVISION SYSTEMS CORPORATION, Respondent.—In an action, *inter alia,* to recover damages for fraud and for violation of the Donnelly Act (General Business Law § 340), the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Copertino, J.), dated January 30, 1991, as, upon renewal of that branch of the defendant's motion which was to dismiss the eleventh cause of action, adhered to the original determination dismissing that cause of action.

■ CARL BELLO et al., Appellants, v CABLEVISION SYSTEMS CORPORATION, Respondent.—In an action, *inter alia,* to recover damages for fraud and for violation of the Donnelly Act (General Business Law § 340), the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Copertino, J.), dated June 15, 1990, which treated the defendant's motion to dismiss pursuant to CPLR 3211 as one for summary judgment, and having done so, granted that motion and dismissed the complaint in its entirety.

Ordered that the appeal from so much of the order as pertains to the plaintiffs' eleventh cause of action is dismissed, as that portion of the order was superseded by an order of the same court, dated January 30, 1991, made upon renewal (see, *Bello v Cablevision Sys. Corp.,* 185 AD2d 262 [decided herewith]); and it is further,

Ordered that the order is modified by deleting therefrom the

provision granting the defendant's motion to dismiss pursuant to CPLR 3211 (c), and substituting therefor a provision granting the motion pursuant to CPLR 3211 (a) (7); as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

Although we believe that the parties charted a course for summary judgment on the issue of whether there exists a contractual relationship between them *(see, Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320), we cannot conclude on this record, as did the Supreme Court, that it is "unequivocally clear" that this was so with respect to the remainder of the case *(Four Seasons Hotel v Vinnik, supra,* at 320; *Markle Found. v Manufacturers Hanover Trust Co.,* 173 AD2d 784; *cf., Monteferrante v New York City Fire Dept.,* 63 AD2d 576, *affd for reasons stated at App Div* 47 NY2d 737). However, this does not require reversal of the order appealed from, as this court may pass upon the sufficiency of the complaint, in any event *(see, Barclay Arms v Barclay Arms Assocs.,* 74 NY2d 644). In doing so, we assess the complaint in light of the evidentiary material submitted in conjunction with the CPLR 3211 motion, as well as that appended to the complaint itself *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Fields v Leeponis,* 95 AD2d 822; CPLR 3211 [c]). Under these circumstances, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" *(Guggenheimer v Ginzburg, supra,* at 275).

Further, the plaintiffs challenge the Supreme Court's specific findings with respect to the first, second, sixth, seventh, eighth, ninth, and eleventh causes of action. We conclude that their contentions are without merit, and dismiss the complaint in its entirety *(see, Bello v Cablevision Sys. Corp.,* 185 AD2d 262, *supra* [decided herewith]).

The Supreme Court properly determined that there exists an implied-in-fact contract between the parties *(see, e.g., Seaview Assn. v Williams,* 69 NY2d 987; *see also, Jemzura v Jemzura,* 36 NY2d 496, 503-504). The existence of a contract between the parties precludes recovery under the theory of quasi-contract *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388-389; *see also, Bradkin v Leverton,* 26 NY2d 192, 196), and, therefore, the first cause of action is dismissed.

The plaintiffs' second cause of action to recover damages for fraudulent misrepresentation is premised on a claim that the defendant utilized false advertising. However, the plaintiffs, in their complaint and evidentiary material in support thereof,

have failed to assert facts from which it could be concluded that they justifiably relied on the alleged misrepresentations *(see, Levy v Country Lakes Homes,* 133 AD2d 70). Therefore, this cause of action is dismissed. The plaintiffs' sixth and seventh causes of action to recover damages for deceptive acts and practices and false advertising *(see,* General Business Law § 349 [a], [h]; § 350-e [3]), are grounded on the same allegations, and are also dismissed for failure to sufficiently demonstrate reliance *(see, Butler v Caldwell & Cook,* 122 AD2d 559).

The plaintiffs' eighth cause of action asserts a claim that the defendant engaged in an unreasonable restraint of trade in violation of the Donnelly Act *(see,* General Business Law § 340). This cause of action is based upon the defendant's alleged misuse of its monopoly power. The failure of the plaintiffs to allege that the defendant engaged in concerted activity with another entity requires dismissal of this cause of action *(see, Creative Trading Co. v Larkin-Pluznick-Larkin, Inc.,* 136 AD2d 461, 462). The plaintiffs' ninth cause of action asserts that the defendant's "Rate Card" is an illegal "tying" arrangement. However, a review of the Rate Card indicates that the programing services which are allegedly being tied may be purchased individually, and, therefore, no "tying" claim may lie *(see, Northern Pac. Ry. Co. v United States,* 356 US 1, 6, n 4).

The plaintiffs' eleventh cause of action asserts yet another claim of fraudulent misrepresentation, and is dealt with in the companion appeal *(see, Bello v Cablevision Sys. Corp.,* 185 AD2d 262, *supra* [decided herewith]). Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.