■ E & V CHECK CASHING PAYROLL SERVICES, INC., et al., Appellants, v STUART BRODSKY et al., Defendants, and RICHARD N. TANNENBAUM, Respondent. [607 NYS2d 965] —In an action to recover damages for defamation, interference with business relationships, abuse of process, intentional infliction of emotional distress, and conspiracy, the plaintiffs appeal from an order of the Supreme Court, Queens County (Di Tucci, J.), dated August 16, 1991, which (1) granted the cross motion of the defendant Richard N. Tannenbaum pursuant to CPLR 3211 (a) (7), to dismiss the complaint insofar as it is asserted against him, (2) in effect denied as academic the motion to disqualify the defendant Richard Tannenbaum as counsel for his codefendants, and (3) imposed sanctions against the plaintiffs' counsel for frivolous litigation.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a de novo determination of the motion and cross motion.

In December 1990, the plaintiffs commenced the instant action against the defendants in the Supreme Court, Queens County, alleging, *inter alia,* intentional infliction of emotional distress and abuse of process. In January 1991 the plaintiffs

moved for the disqualification of the defendant Tannenbaum from representing his codefendants, on the ground, *inter alia,* that Tannenbaum had a conflict of interest in representing the codefendants and himself.

The defendant Tannenbaum cross-moved pursuant to CPLR 3211 (a) (7) to dismiss the plaintiffs' action against him and further requested that "the Court treat said motion as a motion for summary judgment and grant such summary judgment". Tannenbaum also requested costs and sanctions against the plaintiffs and counsel. By order dated August 16, 1991, the Supreme Court, *inter alia,* granted the cross motion. However, we find that the complaint was sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7). Moreover, we cannot treat the cross motion as one for summary judgment. CPLR 3211 (c) provides that "[w]hether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment". Here, the Supreme Court did not give the parties such notice, and the fact that Tannenbaum requested that relief is not a sufficient substitute for such notice *(see, Mihlovan v Grozavu,* 72 NY2d 506, 508, n; *John & Mary Markle Found. v Manufacturers Hanover Trust Co.,* 173 AD2d 784, 785-786). Moreover, on this record, it is not "unequivocally clear" that the parties were "deliberately charting a summary judgment course" *(Four Seasons Hotel v Vinnik,* 127 AD2d 310, 320; *see, Mihlovan v Grozavu, supra; Rovello v Orofino Realty Co.,* 40 NY2d 633, 635; *John & Mary Markle Found. v Manufacturers Hanover Trust Co., supra).* We must, therefore, reverse the order appealed from and remit the matter so that the Supreme Court may, if it be so inclined, provide the parties with the requisite notice, and with an opportunity to present proof with respect to the cross motion, as each may consider appropriate *(see, John & Mary Markle Found. v Manufacturers Hanover Trust Co., supra,* at 786).

In light of the above, we vacate the award of counsel fees and the imposition of sanctions, and remit the matter for a new determination of the disqualification motion. Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.