■ BARBARA TORRES, Appellant, v HUNTINGTON COALITION FOR THE HOMELESS et al., Respondents. [614 NYS2d 754] —In an action for a judgment declaring that a landlord/tenant relationship or a licensor/licensee relationship exists between the plaintiff and the defendants Huntington Coalition for the Homeless and Haven House, the plaintiff appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Henry, J.), dated August 5, 1992, which, *inter alia,* granted the cross motion of the defendants to dismiss the complaint, and (2) a judgment of the same court dated October 1, 1992, which, *inter alia,* declared that neither a landlord/tenant nor a licensor/licensee relationship exists between the plaintiff and the defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, the order is vacated, the defendants' cross motion to dismiss the complaint is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff Barbara Torres and her two minor children lived in the defendant Haven House's facility which was operated by the defendant, the Huntington Coalition for the Homeless as a transitional housing program for the homeless. The plaintiff was informed that if she continued to violate Haven House's program's rules, she would be transferred to another facility. After 10 days written notice, the plaintiff's belongings were removed from the Haven House apartment and she was denied re-entry. Thereafter, the plaintiff commenced this action for a judgment declaring that a landlord/tenant or licensor/licensee relationship exists between the plaintiff and Haven House and that consequently the plaintiff was entitled to a judicial proceeding prior to her removal from the Haven House facility. She also moved for preliminary injunctive relief.

The defendants cross-moved to dismiss the complaint.

The Supreme Court treated the defendants' cross motion to dismiss the complaint as one for summary judgment, finding that no legal relationship existed between the parties, and that the plaintiff was not entitled to a judicial proceeding prior to her removal from the facility.

We find that the record does not clearly establish that the parties were given adequate notice that the motion would be treated as one for summary judgment, and an opportunity to make an appropriate record pursuant to CPLR 3211 (c) *(see, Mihlovan v Grozavu,* 72 NY2d 506; *Rovello v Orofino Realty Co.,* 40 NY2d 633; *E & V Check Cashing Payroll Servs. v Brodsky,* 201 AD2d 610). Moreover, the record is inappropriate for summary judgment. First, the Supreme Court failed to address the impact of the procedural regulations set forth in 18 NYCRR 900.8 in effect at the time. Those regulations provided that the plaintiff could not be involuntarily transferred or discharged without prior written notice of the transfer or discharge decision and the reasons therefor, including notice that the plaintiff had a right to a hearing, and if a hearing were requested, the right to remain in the facility pending the issuance of a decision after the hearing (18 NYCRR 900.8). There is a paucity of evidentiary materials in

the record bearing upon such issues as the nature of the plaintiff's living arrangement, the nature of the defendant's facility, the circumstances under which the plaintiff was removed from her Haven House apartment, including whether the plaintiff was transferred, involuntarily discharged, or consented to her removal from the defendants' facility, whether the scheduled meeting between the plaintiff and the executive director of the Huntington Coalition for the Homeless constituted a hearing under the regulations, and the circumstances under which the plaintiff was denied re-entry to the Haven House apartment. Consequently, it cannot be determined whether, and to what extent, the regulations were applicable and followed. Therefore, we remit the matter to the Supreme Court so that it may provide adequate notice to the parties and an opportunity to make an appropriate record. Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.