■ Vilma Grutman et al., Appellants, v Southgate At Bar Harbor Home Owners' Association, Inc., Respondent. [616 NYS2d 68] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated February 4, 1993, which granted the defendant's motion to vacate the

default judgment and directed the plaintiffs to accept service of the answer.

Ordered that the order is affirmed, with costs.

An application to vacate a default may be granted if the movant establishes that its default was excusable and that it has a meritorious defense to the action (see, CPLR 5015 [a]; 2005). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court (see, 38 Holding Corp. v City of New York, 179 AD2d 486).

Here, the defendant established that it had negotiated for an extension of time to answer the complaint with the plaintiffs' original attorney, with whom it had been discussing settlement, and that it was not alerted to the fact that the plaintiffs had changed counsel until after its answer, which had been served on the plaintiffs' former attorney, was ultimately returned as untimely. In addition, the defendant submitted an affidavit from a person with knowledge of the facts, attesting to the fact that the gate that had allegedly closed on the heel of the plaintiff Vilma Grutman had been in place for 12 years without any prior similar incident, and that a post-accident inspection revealed no excessive tension in the spring mechanism.

Because the defendant adequately established a reasonable excuse for its default and a meritorious defense to the action, the Supreme Court did not improvidently exercise its discretion in vacating its default in answering and directing the plaintiffs to accept its answer. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.