REYNALDO GONZALES, Appellant, v JOAN TREPPIEDI et al., Respondents, et al., Defendants. [639 NYS2d 108]

Default may be excused upon a showing of a meritorious defense and a justifiable excuse for the delay or the default *(see, Barasch v Micucci,* 49 NY2d 594, 599; *Kyriacopoulos v Mendon Leasing Corp.,* 216 AD2d 532; *Korea Exch. Bank v Attilio,* 186 AD2d 634). The physician's affidavit in this case established that the respondents have a meritorious defense against the plaintiff's claim. Moreover, the determination of

what constitutes a reasonable excuse lies in the sound discretion of the court *(see, Barasch v Micucci, supra,* at 599; *Bardales v Blades,* 191 AD2d 667, 668; *38 Holding Corp. v City of New York,* 179 AD2d 486, 487). Based on the record before us, we cannot say that the Supreme Court's finding that a reasonable excuse existed was an improvident exercise of discretion.

Contrary to the plaintiff's contention, the respondents' remedy in this instance was to move before the Supreme Court for an order vacating their default *(see,* CPLR 5501 [a] [1]; *Picinic v Seatrain Lines,* 117 AD2d 504; *Berlin v Schlotthauer,* 117 AD2d 768). O'Brien, J. P., Santucci, Altman and Goldstein, JJ., concur.