(July 8, 1996)

■ CHIKE ANAMDI, Appellant, v IKE ANUGO, Respondent. [644 NYS2d 804] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (Ain, J.), dated August 30, 1995, as granted the defendant's motion to vacate a default judgment entered upon the defendant's failure to appear, (2) an order of the same court, dated October 24, 1995, as denied his motion to dismiss the defendant's affirmative defense of usury, and (3) an order of the same court, dated November 3, 1995, as denied his motion to "reinstate" the default judgment.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

A motion seeking vacatur of a default judgment may be granted if the movant establishes "excusable default" and presents an affidavit indicating a meritorious defense to the action (CPLR 5015 [a] [1]; *see also, Grutman v Southgate at Bar Harbor Home Owners' Assn.,* 207 AD2d 526, 527; *38 Holding Corp. v City of New York,* 179 AD2d 486, 487). The determination of what constitutes a reasonable excuse and a meritorious defense is generally within the sound discretion of the trial court (*see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695; *Grutman v Southgate at Bar Harbor Home Owners' Assn., supra; Leogrande v Glass,* 106 AD2d 431, 432).

Here, the defendant sufficiently established that the principal reason for his failure to appear was that he resided in Africa during the plaintiff's various attempts at service of a summons and complaint and thus he had no knowledge that an action had been commenced. Without notice of the action, the defendant was incapable of taking the necessary procedural steps to protect his interests.

The plaintiff's contention that the defendant did not sufficiently establish a meritorious defense because he failed to prove usury by clear and convincing evidence, is without merit. Clear and convincing evidence of usury is the standard of proof in a civil trial as distinguished from a motion to vacate a default judgment in which the movant is not required to prove a particular claim or defense, but rather only to set forth facts sufficiently establishing that such claim or defense is "meritorious" (*compare, Freitas v Geddes Sav. & Loan Assn.,* 63 NY2d 254, 260-261, *with Grutman v Southgate at Bar Harbor Home Owners' Assn., supra).*

The Supreme Court did not improvidently exercise its discretion in declining to treat the plaintiffs' motion to dismiss the defendant's affirmative defense of usury as one for summary judgment. There was neither sufficient factual nor substantive legal support for such disposition (*see, Torres v Huntington Coalition for Homeless,* 206 AD2d 518, 519-520).

Finally, the plaintiff's motion to "reinstate" the default judgment was properly denied. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.