■ WALTER A. BETANCOURTH et al., Appellants, v CARLOS V. PACHECO, Respondent. [648 NYS2d 333] —In a negligence action,

*inter alia,* to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated August 15, 1995, as granted that branch of the defendant's cross motion pursuant to CPLR 5015 (a) (1), which was to vacate a judgment entered upon the defendant's default in interposing an answer to the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, and the cross motion is denied.

To establish entitlement to vacatur of a default judgment, the movant must demonstrate a reasonable excuse for the default and a meritorious defense (*see, Fennell v Mason,* 204 AD2d 599; *Putney v Pearlman,* 203 AD2d 333). Here, the excuse proffered for the defendant's failure to interpose an answer— that the defendant's vehicle was not insured by State Farm Insurance Company at the time of the accident—is belied by the record. In a letter dated April 6, 1994, State Farm Insurance Company indicated that it was the defendant's insurer.

In addition, where the police accident report indicated that the accident was caused by a Bronco whose license plate matched the one borne by the defendant's Bronco, the defendant's conclusory assertion that his Bronco was not involved in the accident does not constitute a meritorious defense. Furthermore, since the defendant never reported that his car was stolen, there is no merit to his assertion that if his car was involved in the accident, the vehicle was being operated without his knowledge or permission. Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.