■ JOSEPH SZILASKI et al., Appellants, v APHRODITE CONSTRUCTION COMPANY, INC., et al., Respondents, et al.,

Defendant. [669 NYS2d 297] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated March 11, 1997, as granted the motion by the defendants Aphrodite Construction Company, Inc., Aphrodite Acquisitions, Inc., and Highfields Holdings Company, Inc., to vacate so much of an order of the same court dated April 15, 1996, as granted that branch of the plaintiffs' motion which was for leave to enter judgment against the defendant Highfields Holdings Company, Inc., upon its default in answering the complaint.

Ordered that the order dated March 11, 1997, is reversed insofar as appealed from, with costs, the motion is denied, and so much of the order dated April 15, 1996, as granted that branch of the plaintiffs' motion which was for leave to enter judgment against the defendant Highfields Holding Company, Inc., upon its default in answering the complaint is reinstated.

We reject the appellants' contention that the defendants Aphrodite Construction Company, Inc., Aphrodite Acquisitions, Inc., and Highfields Holding Company, Inc. (hereinafter the movants) should not have been allowed to relitigate the issue of the default on a motion pursuant to CPLR 5015 (a) (1) (*see, Britvan v Sutton & Edwards,* 226 AD2d 491; *Picnic v Seatrain Lines,* 117 AD2d 504). However, an application to vacate a default may be granted only if the movant establishes that its default was excusable and that it has a meritorious defense to the action (*see, Grutman v Southgate at Bar Harbor Home Owners' Assn.,* 207 AD2d 526). Here, since the movants failed to establish that the defendant Highfields Holdings Company, Inc., had a meritorious defense to the action (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500), the Supreme Court improvidently exercised its discretion in vacating the default. Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.