■ Liberty Mutual Insurance Company, Respondent, v Hermes Agency and Ship Supplies Corp. et al., Appellants. [672 NYS2d 817] —In an action to recover insurance premiums, the defendants appeal (1) from an order of the Supreme Court,

Queens County (Milano, J.), dated November 14, 1996, which denied their motion to vacate a judgment of default entered upon their failure to answer the complaint or appear in the action, (2) from so much of an order of the same court, dated January 15, 1997, as, upon renewal, adhered to the prior determination, and (3) from an order of the same court, dated May 28, 1997, which denied their second motion for renewal.

Ordered that the appeal from the order dated November 14, 1996, is dismissed, as that order was superseded by the order dated January 15, 1997, made upon renewal; and it is further,

Ordered that the order dated January 15, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 28, 1997, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is well settled that a defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (see, Rock v Schwartz, 244 AD2d 542). What constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (see, Gonzales v Treppiedi, 225 AD2d 587). In light of the defendants' conceded misrepresentations that they did not have notice of the action, and their long delay in seeking to vacate the default, the Supreme Court did not improvidently exercise its discretion in denying the defendants' motions to vacate the default. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.