■ MICHAEL D. RAND, Appellant, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent. [720 NYS2d 371] —In an action, *inter alia*, for a judgment declaring that the defendant is required to make payments to the plaintiff under certain policies of disability insurance, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated December 21, 1999, which granted the defendant's motion pursuant to CPLR 2221(a) and 5015 (a) (1), *inter alia*, to vacate its default in answering the complaint on condition that its counsel personally pay the plaintiff's counsel costs in the sum of $2,000.

Ordered that the order is affirmed, with costs.

We reject the plaintiff's contention that the defendant was precluded from seeking relief pursuant to CPLR 5015 (a) (1) (*see, Szilaski v Aphrodite Constr. Co.,* 247 AD2d 532; *Britvan v Sutton & Edwards,* 226 AD2d 491; *Picinic v Seatrain Lines,* 117 AD2d 504). Furthermore, it is well settled that a judgment entered on default may be vacated in the sound discretion of the trial court upon the movant's showing of an excusable default as well as a meritorious defense (*see,* CPLR 5015 [a] [1]; *Furon Constr. v Velez,* 209 AD2d 666; *Grutman v Southgate at Bar Harbor Home Owners' Assn.,* 207 AD2d 526). The defendant established both criteria. Accordingly, the Supreme Court providently exercised its discretion in vacating the defendant's default in answering the complaint. S. Miller, J. P., Friedmann, Krausman and Goldstein, JJ., concur.