■ JOHN KERRIGAN, Appellant, v TEXTILE DELIVERIES, INC., et al., Respondents. [725 NYS2d 896] —In an action to recover damages for personal injuries, etc., the plaintiff appeals (1) from an order of the Supreme Court, Queens County (LeVine, J.), dated June 15, 2000, which denied his motion, *inter alia,* to vacate his default in appearing for jury selection, and (2), as limited by his brief, from so much of an order of the same court, dated October 6, 2000, as, in effect, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated June 15, 2000, is dismissed, without costs or disbursements, as that order was superseded by the order dated October 6, 2000, made upon reargument; and it is further,

Ordered that the order dated October 6, 2000, is affirmed insofar as appealed from, without costs or disbursements.

To establish entitlement to vacatur of a default, the movant must demonstrate a reasonable excuse for the default and a meritorious cause of action (*see, Cooper v P & T Gen. Contr. Corp.,* 260 AD2d 423; *Szilaski v Aphrodite Constr. Co.,* 247 AD2d 532; *Betancourth v Pacheco,* 232 AD2d 442). The Supreme Court providently exercised its discretion in denying the appellant's motion, as he failed to demonstrate a reasonable excuse for his default (*see, Phillips, Nizer, Benjamin, Krim & Ballon v Matteo,* 271 AD2d 422; *Bravo v New York City Hous. Auth.,* 253 AD2d 510). Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.