OPINION OF THE COURT
Per Curiam.
Order dated July 12, 2000 affirmed, with $10 costs.
Order dated December 4, 2000 reversed, without costs, and tenant’s motion to vacate the default judgment is granted.
Civil Court correctly ruled that the prohibition of General Business Law § 352-eeee (2) (c) (ii) against owner occupancy proceedings by cooperative owners against nonpurchasing tenants is not available to appellant, in light of the foreclosure of the cooperative’s mortgage, judicial sale, and subsequent conveyance to the individual petitioners. Where cooperative ownership of a building no longer exists, housing accommodations occupied pursuant to regulation under the Rent Stabilization Code immediately prior to “deconversion” remain fully subject to all provisions of the Code (Rent Stabilization Code [9 NYCRR] § 2520.11 [l] [1] [iii]). This necessarily includes the provision authorizing nonrenewal of a stabilized lease on the ground of owner occupancy (NY City Rent and Eviction Regulations [9 NYCRR] § 2504.4 [a]). “[A] dissolved cooperative is not a cooperative” (Federal Home Loan Mtge. Corp. v New York State Div. of Hous. & Community Renewal, 87 NY2d 325, 333) and, a fortiori, the protections of the Martin Act formerly applicable to nonpurchasers in the cooperative premises no longer continue. The building is now treated as any other building subject to regulation (Federal Home Loan v New York State Div. of Hous. & Community Renewal, supra, at 334). Further, any failure to join appellant as a party in the foreclosure action was without consequence in this case since her stabilized tenancy was preserved.
*643 We favorably exercise our discretion and relieve appellant from her default at trial. There was no intent to abandon the vigorous defense of the proceeding. The default was taken while appellant’s attorney appeared in a different court part on a motion in this very case. Consistent with our strong public policy for resolving disputes on their merits (Picinic v Seatrain Lines, 117 AD2d 504, 508), this matter should proceed to trial at which petitioners bear the burden of proof on the issue of their good-faith intent to occupy the apartment premises for personal use (see, Nestor v Britt, 213 AD2d 255).
Parness, P. J., Davis and Gangel-Jacob, JJ., concur.