JOHN C. PETERSON et al., Appellants, v JEFFREY R. BROOK, Respondent. [761 NYS2d 870] —In an action, inter alia, to recover damages for breach of a partnership agreement, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (O'Connell, J.), dated February 11, 2003, which granted that branch of the defendant's motion pursuant to CPLR 5015 (a) (1) which was to vacate his default in answering the complaint, and (2) so much of an order of the same court dated March 6, 2003, as, in effect, granted that branch of the defendant's motion which was to vacate the judgment.

Ordered that the order dated February 11, 2003, is affirmed; and it is further,

Ordered that the order dated March 6, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

We reject the plaintiffs' contention that the defendant was not entitled to relief pursuant to CPLR 5015 (a) (1) (*see Rand v Equitable Life Assur. Socy. of U.S.*, 280 AD2d 459 [2001]; *Britvan v Sutton & Edwards*, 226 AD2d 491 [1996]; *Picinic v Seatrain Lines*, 117 AD2d 504, 506-507 [1986]; *cf. Szilaski v Aphrodite Constr. Co.*, 247 AD2d 532 [1998]).

Moreover, the Supreme Court providently exercised its discretion in vacating the defendant's default in answering the complaint upon his showing of an excusable default as well as meritorious defenses (*see* CPLR 5015 [a] [1]; *Furon Constr. v Velez*, 209 AD2d 666 [1994]; *Grutman v Southgate at Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]). Contrary to the appellants' contention, the Supreme Court imposed adequate conditions when it vacated the judgment (*see* CPLR 5015 [a]). Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.