*317 OPINION OF THE COURT
Sabrina B. Kraus, J.
Background
In this summary holdover proceeding the respondent defaulted and an inquest was held on January 3, 2007, after which petitioner was awarded a final judgment of possession. At the inquest, petitioner’s witness, Shari Serrano, testified that she had been a property manager of the premises for approximately three years, and that prior to that time the premises were owned and managed by the New York City Department of Housing Preservation and Development (hereinafter HPD). Ms. Serrano testified that in connection with the Neighborhood Partnership Program, petitioner purchased, renovated and rehabilitated the subject building. Petitioner relocated the tenants during the renovation, and then moved the tenants back into the building at the conclusion of the renovation and rehabilitation.
Petitioner offered, as exhibit 2 in evidence, a lease agreement between petitioner and the last tenant of record, Fleurette Dyette. The lease agreement was for the period of March 1, 2003 and May 31, 2004. Ms. Serrano testified that this was the last executed lease by the tenant, and that Ms. Dyette had signed the lease in Ms. Serrano’s presence.
Petitioner’s exhibit 3 in evidence was a document labeled “Demand for the Identity of Occupant” (hereinafter occupancy statement). Ms. Serrano testified that this document, dated March 21, 2005, was delivered to her office personally by Ms. Dyette, at which time Ms. Dyette advised Ms. Serrano that she had been diagnosed with cancer.
Ms. Serrano further testified that in July 2006 the tenant’s daughter came to the management office and advised her that Ms. Dyette had passed away. Ms. Serrano testified that the daughter stated that she needed a few days to collect some of the belongings that she would like to keep, and that Ms. Serrano should meet her at the building in a few days to collect the keys. Ms. Serrano testified that when she went to the building to pick up the keys, as agreed, she was met by a gentleman whom she had never seen before. Ms. Serrano testified that the man refused to identify himself by name, and indicated that he would only leave the premises if he was evicted.
Ms. Serrano testified that she knew Ms. Dyette personally, and had moved her into the building. Ms. Serrano testified that she knew Ms. Dyette to be a quiet woman, who always lived *318 alone. Ms. Serrano further testified that Ms. Dyette’s daughter would visit her on occasion, but that she had never seen the gentleman before the date she went to collect the keys.[1]
After the inquest a final judgment of possession was awarded to the landlord.
On or about January 5, 2007, Mr. Dwayne Fason sought an order to show cause which was signed by Justice Chin and made returnable on January 17, 2007. In the affidavit in support of the order to show cause, Mr. Fason stated he had gone to the wrong floor of the courthouse, and was thus defaulted. On January 17, 2007 this court denied Mr. Fason’s order to show cause, based on his failure to appear in court. On March 12, 2007, the warrant of eviction issued in this matter. On April 4, 2007 Mr. Fason again came to court to seek an order to show cause, which was signed by Justice Stanley, and made returnable for April 19, 2007. It is this application which is currently pending before the court.
Mr. Fason’s Order to Show Cause
In the moving papers for the instant motion, Mr. Fason establishes an excusable default by explaining that he missed the last court date because he was late, and that he has problems reading and writing which precluded him from appearing at the appropriate place and time. Justice Stanley’s order indicates that Mr. Fason is illiterate. Moreover, Mr. Fason alleges that he has lived in the subject apartment for 22 years and that he was the life partner of the tenant of record.
Mr. Fason’s affidavit further alleges that he is asserting succession rights to the rent-stabilized apartment, and that he had shared the premises with the tenant of record as their home. Mr. Fason states that he helped the tenant raise her six children, that he shared all bills with her, and that she died on May 21, 2006.
Petitioner argues that the motion should be denied as Mr. Fa-son presents neither an excusable default nor a meritorious defense. The court disagrees. The court finds that Mr. Fason has established an excusable default, and that his acknowledged literacy problems could have precluded him from appearing and responding to papers as might otherwise have been expected.
Petitioner also argues that based on the record to date, Mr. Fason does not establish an entitlement to succession, and that *319 the failure to be named as a family member on income affidavits is fatal to any claim of succession that Mr. Fason might make. Petitioner relies upon the occupancy statement put into evidence at the inquest, and annexed to its opposition papers, and a copy of one dated and one undated income affidavit from the tenant.
The court finds that the allegations made in support of the motion do suffice to establish that Mr. Fason has alleged a meritorious defense to this proceeding. In order to meet the required standard of alleging a meritorious defense “the movant is not required to prove a particular claim or defense, but rather only to set forth facts sufficiently establishing that such claim or defense is ‘meritorious.’ ” (Anamdi v Anugo, 229 AD2d 408, 409 [2d Dept 1996].) Am affidavit by a person with personal knowledge of the facts alleged will be sufficient to meet this standard. (Grutman v Southgate At Bar Harbor Home Owners’ Assn., 207 AD2d 526 [2d Dept 1994].)
Moreover, petitioner’s argument that Mr. Fason is precluded from claiming succession based on the failure to be included on the occupancy statement or income affidavits fails as a matter of law. Petitioner rests its argument primarily on the case of Matter of Evans v Franco (93 NY2d 823 [1999]). In that case, the Court of Appeals held that the occupant, who was never certified by the New York City Housing Authority as a family member, and not listed on 13 unequivocal annual statements by the deceased tenant of record, was not entitled to a hearing on his claim of succession.
However, the court finds that Evans does not preclude Mr. Fa-son from making his succession claim in this proceeding. In Evans, the Court of Appeals specifically held, “The resolution here is governed solely by Federal law. The issue is not whether the [tenant] is entitled to continued possession of the premises under State law but whether [the tenant] is entitled to the continuation of a subsidy under Federal law.” (Id. at 824.) The authorities generally hold that state law, rather than federal law, controls landlord-tenant issues such as succession. (Morrisania II Assoc. v Harvey, 139 Misc 2d 651 [Civ Ct, Bronx County 1988].)
Moreover, later courts have interpreted Evans as having a limited holding. “Clearly, Evans stands simply for the proposition that an agency cannot be required to conduct a hearing where the occupant is not listed on the certification forms, and that an agency may, consistent with federal law, rely solely on *320 the certification forms.” (Matter of Manhattan Plaza Assoc. v Department of Hous. Preserv. & Dev. of City of N.Y., 3 Misc 3d 717, 722 [Sup Ct, NY County 2004].) Finally and significantly, the premises in Eoans was not governed by rent stabilization.
In this case, the claim of succession should be determined by the statutory standard of the Rent Stabilization Code (Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1]; § 2520.6 [o] [2]), and Mr. Fason’s ability to prove at trial that he resided in the premises with Ms. Dyette, as a nontraditional family member since 1989, as he alleges in his papers. Certainly the documents relied upon by petitioner, as well as the credible testimony of the property manager must be considered in this regard. However, Mr. Fason has alleged sufficient facts to require a trial on the issue prior to a final determination being made in this matter.
Based on the foregoing, Mr. Fason’s motion is granted. The default judgment is vacated.[2]

. The transcript of the inquest can be found on tape No. 36464, counter 1530-2005.

. At the conclusion of oral argument on this matter, the court advised Mr. Fason, on the record, that the matter would be submitted and the court would issue a written decision in the mail, after reviewing the applicable legal authority. The court further advised Mr. Fason that, upon receipt, he should bring the decision back to the courthouse for any necessary explanation in order to prevent any further defaults in this matter.