■ FLORENCE FLADELL, Appellant, v AMERICAN RED MAGEN DAVID FOR ISRAEL, Respondent, and HEBREW CENTRE OF WHITESTONE BETH ATFILLOH, INC., Appellant. [844 NYS2d 136]—

In an action to recover damages for personal injuries, the plaintiff Florence Fladell and the defendant Hebrew Centre of Whitestone Beth Atfilloh, Inc., separately appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated November 9, 2006, which denied those branches of their separate motions which were for leave to enter a judgment against the defendant American Red Magen David for Israel upon its default in answering the complaint and cross claims, respectively, and granted the cross motion of the defendant American Red Magen David for Israel to vacate its default in answering the complaint and cross claims and to extend its time to serve an answer.

Ordered that the order is affirmed, with one bill of costs payable to the defendant American Red Magen David for Israel.

A defendant seeking to vacate a default in answering a complaint and cross claims must demonstrate both a reasonable excuse for its default and a meritorious defense (see Grinberg v Fahnestock & Co., Inc., 22 AD3d 801 [2005]; Fekete v Camp Skwere, 16 AD3d 544, 545 [2005]). The determination of what constitutes a reasonable excuse lies within the trial court's discretion (see Santiago v New York City Health & Hosps. Corp., 10 AD3d 393, 394 [2004]; Roussodimou v Zafiriadis, 238 AD2d 568, 569 [1997]; Grutman v Southgate At Bar Harbor Home Owners' Assn., 207 AD2d 526, 527 [1994]). In this case, American Red Magen David for Israel (hereinafter ARMDI) submitted an affidavit from its Comptroller Ann Dorsky who set forth a reasonable explanation for ARMDI's failure to timely serve an answer with a detailed discussion of the circumstances surrounding the default. Moreover, Dorsky's affidavit sufficiently set forth the existence of a possible meritorious defense. Under these circumstances, the Supreme Court providently exercised its discretion in granting ARMDI's cross motion to vacate its default in answering the complaint and cross claims and to extend its time to serve an answer. Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.