## JG Group Holdings LLC v Kahlon

2025 NY Slip Op 33022(U)

July 17, 2025

Supreme Court, New York County

Docket Number: Index No. 652196/2020

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

--------------------------------------------------------------------------------X

JG GROUP HOLDINGS LLC, JGFT LLC, PGFT LLC, AC GROUP HOLDINGS LLC, CHALUTS TRUST,

| | |
|---|---|
| **INDEX NO.** | 652196/2020 |

Plaintiffs,

| | |
|---|---|
| **MOTION DATE** | 05/16/2025 |

- v -

JOSSEF KAHLON,

| | |
|---|---|
| **MOTION SEQ. NO.** | 010 |

Defendant.

**DECISION + ORDER ON MOTION**

--------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 010) 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212

were read on this motion to             VACATE ORDER                                   .

In this motion, Defendant Jossef Kahlon ("Defendant") seeks pursuant to CPLR 5015(a)(1) to vacate the Court's dated May 9, 2025 Order (NYSCEF 200) that granted Plaintiffs' motion to dismiss Defendant's Third Amended Counterclaims.  Plaintiffs JG Group Holdings LLC, JGFT LLC, PGFT LLC, AC Group Holdings LLC, and Chaluts Trust (collectively, "Plaintiffs") cross-move pursuant to 22 NYCRR § 130-1.1 for sanctions against Defendant and his counsel for filing what they claim is a frivolous motion.  For the reasons set forth below, both motions are **denied**.

As relevant here, Defendant's Third Amended Counterclaims were dismissed by the Court after Defendant failed to file an opposition to Plaintiffs' motion to dismiss (NYSCEF 200). Defendant seeks to vacate the Court's decision, arguing that the motion was unopposed due to excusable law office failure - specifically, mis-calendaring the filing deadline (NYSCEF 204 ["Haft Affirm"] ¶¶ 22-27).

**652196/2020   JG GROUP HOLDINGS LLC vs. KAHLON, JOSSEF**
  Motion No.  010

**Page 1 of 4**

[* 1]

Under CPLR 5015(a)(1), the rendering court may vacate a judgment or order on the grounds of "excusable default." Vacatur pursuant to CPLR 5015(a)(1) requires the movant to demonstrate "(1) a reasonable excuse for the default; and (2) a meritorious defense to the action" (*SOS Capital v Recycling Paper Partners of PA, LLC*, 220 AD3d 25, 38 [1st Dept 2023]). Defendant has failed to meet the second prong of that standard here.

"The court has discretion to accept law office failure as a reasonable excuse … where the claim is supported by a detailed and credible explanation of the default', but '[c]onclusory and unsubstantiated allegations of law office failure are not sufficient'. '[M]ere neglect is not a reasonable excuse'" (*Hudson City Sav. Bank v Augustin*, 191 AD3d 774, 775 [2d Dept 2021] [internal citations omitted]; *see also Naber Elec. v Triton Structural Concrete, Inc.*, 160 AD3d 507, 508 [1st Dept 2018] ["Defense counsel's inadvertent mistake in calendaring his deadline provided a reasonable excuse for the minimal delay in answering"]). Defendant has offered an affidavit from its counsel's paralegal providing evidence of the calendaring error and how it caused Defendant's counsel to fail to timely oppose the motion to dismiss (NYSCEF 203). Although "not particularly compelling," Defendant provides evidence that at least arguably provides a reasonable excuse for failing to timely oppose the motion to dismiss (*Marine v Montefiore Health Sys., Inc.*, 129 AD3d 428, 429 [1st Dept 2015]).

However, Defendant has failed to set forth facts indicating that the dismissed counterclaims are meritorious (*Anamdi v Anugo*, 229 AD2d 408, 409 [2d Dept 1996]). Instead, Defendant's counsel merely asserts that "[i]f given leave to oppose, Defendant will demonstrate the sufficiency and viability of these claims" (Haft Affirm ¶ 28)[1]. Such a conclusory statement is

---

[1] Curiously, defense counsel adds a citation to *Gray v B.R. Trucking Co.*, 59 NY2d 649 [1983] after making the generic statement referenced in his affirmation (Haft Affirm ¶ 28). In *Gray*, the

**652196/2020   JG GROUP HOLDINGS LLC vs. KAHLON, JOSSEF**
**Motion No.  010**

**Page 2 of 4**

2 of 4

insufficient to warrant vacatur of a Court order (*Miguel L. v Ashley J.L.*, 177 AD3d 476, 477 [1st Dept 2019] [counsel's conclusory statements that there is a meritorious defense to the action is insufficient to establish a meritorious defense]). Accordingly, Defendant's motion to vacate is denied.

Plaintiffs' cross-motion to sanction Defendant's counsel and award Plaintiffs attorney's fees is also denied. Attorney's fees may be awarded to the non-moving party for expenses incurred challenging a frivolous motion (*Pickens v Castro*, 55 AD3d 443, 444 [1st Dept 2008]). A motion is frivolous if it is completely without merit, is undertaken to delay the litigation, is undertaken to maliciously injure another, or asserts false factual statements (22 NYCRR § 130-1.1). While Defendant does not directly oppose Plaintiffs' cross-motion, the Court exercises its discretion not to impose sanctions.  Based on the record, including a credible claim of law office failure, the Court cannot confidently conclude that the motion to vacate was frivolous.

Accordingly, it is

**ORDERED** that Defendant's motion to vacate is **DENIED**; it is further

**ORDERED** that Plaintiffs' cross-motion for sanctions is **DENIED.**

---

Court of Appeals reversed the grant of vacatur of a default, finding that the movant had failed to establish an acceptable excuse or a meritorious defense.  As to the latter, the court noted: "Moreover, the only 'defense' alleged by counsel retained to represent defendant is that there may be a question of coverage on the claim. That defense does not relate to the merits of the main action and is legally insufficient on this motion" (*id*. at 650).  If anything, *Gray* supports *denial* of the present motion because counsel's vague reference here to potential merits arguments – which are not explained – is similarly insufficient.

**652196/2020   JG GROUP HOLDINGS LLC vs. KAHLON, JOSSEF**
**Motion No.  010**

**Page 3 of 4**

This constitutes the Decision and Order of the Court.

20250717145530JMCOHEN80D0D98FEB844D2DAE0047EE0FEA2D2E

__7/17/2025__
**DATE**

**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652196/2020   JG GROUP HOLDINGS LLC vs. KAHLON, JOSSEF**
**Motion No.  010**

**Page 4 of 4**

4 of 4

[* 4]